OPINION
{¶ 1} Defendant-appellant, Johnson Lobo, appeals his convictions in the Butler County Court of Common Pleas for importuning and attempted unlawful sexual conduct with a minor.
 {¶ 2} On January 23, 2003, Detective Paul Davis of the Pornography and Child Exploitation Unit of the Hamilton Police Department was online, posing as a 14-year-old boy named "petie14cincy" ("Petie"), in a chatroom entitled Men for Men. An individual, using the name of "checklobo" and later identified as appellant, initiated a conversation. Asked about his age, Petie told appellant he was 14 years old. Appellant replied he was 27 years old and asked "you think I am older for you?" Appellant then asked Petie what he was looking for and whether he had a place. Petie replied that there was an empty room in his building, and that he had "never tried anything with a guy but [that he was] open."
 {¶ 3} At this point in the conversation, appellant stated he was scared as Petie was only 14, and that he did not want to be involved in something illegal. Nonetheless, despite his reservations, appellant immediately after asked Petie when he wanted to meet and if he was "free today." Petie replied he was and asked appellant what he wanted to do and what was good. Appellant then asked Petie "you like to suck." Appellant also stated that "you can see me naked, play around, etc" and "you want to go further, then you can be fucked." After appellant told Petie he (Petie) would not like the latter, appellant nevertheless stated "if you want, just a small try, nothing beyond." The two eventually arranged to meet that evening at Petie's building, to wit: 15 Hampshire Court, apartment 16, in Hamilton, Ohio, between 6:00 and 6:30 p.m. Appellant told Petie he would be driving a maroon Hyundai Elantra.
 {¶ 4} Detective Davis recruited the assistance of Detective Mark Hayes. That evening, at about 6:00 p.m., the detectives set up surveillance in the vicinity of the location of the meeting; Det. Davis was on Hampshire Court while Det. Hayes was in one of the driveways on Hampshire Drive. Around 6:15 p.m., Det. Hayes observed a maroon Hyundai Elantra drive back and forth on Hampshire Drive, visibly looking for a specific address. Eventually, after the driver pulled into a driveway on Hampshire Drive, Det. Hayes activated a rotating blue light on his dashboard, exited his car, and approached the driver. The driver, later identified as appellant, asked the detective directions to "15 Hampshire." Appellant was then arrested.
 {¶ 5} Appellant was indicted in March 2003 on one count of attempted unlawful sexual conduct with a minor in violation of R.C. 2907.04(A) and 2923.02(A), and one count of importuning in violation of R.C. 2907.07(E)(2). Appellant moved to dismiss both counts but the trial court overruled his motion. On February 25, 2004, following a bench trial, the trial court found appellant guilty as charged. Appellant was sentenced to five years of community control and was found to be a sexually oriented offender. This appeal follows in which appellant raises three assignments of error.
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "The trial court erred in overruling Mr. lobo's Motion to dismiss [the importuning count of the indictment]."
 {¶ 8} Appellant first argues that R.C. 2907.07(E)(2)[1]
is unconstitutional on its face because it violates his right to free speech by criminalizing consensual conversations about sexual activity between an adult citizen and an adult police officer. Citing Ashcroft v. Free Speech Coalition (2002),535 U.S. 234, 122 S.Ct. 1389, which held that virtual child pornography was protected by the First Amendment, appellant also argues that R.C. 2907.07(E)(2) is unconstitutionally overbroad because it bans protected speech by adults which does not in fact harm children. Appellant contends that R.C. 2907.07(E)(2) is not narrowly tailored to serve the state's compelling interest in protecting children from being solicited for sexual activity by adults.
 {¶ 9} A challenge to the constitutionality of R.C. 2907.07-(E)(2) on overbreadth and free speech grounds was considered and rejected in a detailed and lengthy analysis by the Third Appellate District in State v. Snyder,155 Ohio App.3d 453, 2003-Ohio-6399. See, also, State v. Tarbay,157 Ohio App.3d 261, 2004-Ohio-2721, and State v. Turner,156 Ohio App.3d 177, 2004-Ohio-464. We therefore find that R.C.2907.07(E)(2) is not overbroad, is constitutional on its face, and does not violate free speech rights.
 {¶ 10} Appellant also argues that R.C. 2907.07(E)(2) is unconstitutional as applied to him because it violates his free speech rights by punishing mere thoughts and/or communications made "to a consenting adult as opposed to an actual juvenile." Appellant's arguments are overruled on the basis of State v.Cearley, Butler App. No. CA2003-08-213, 2004-Ohio-4837, andTarbay. We therefore find that R.C. 2907.07(E)(2) is not unconstitutional as applied on First Amendment grounds. Appellant's first assignment of error is overruled.
 {¶ 11} Assignment of Error No. 2:
 {¶ 12} "The trial court's finding of guilt as to both importuning and attempted unlawful sexual conduct with a minor was against the weight and sufficiency of the evidence."
 {¶ 13} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is "to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v.Smith, 80 Ohio St.3d 89, 113, 1997-Ohio-355. After viewing the evidence in a light most favorable to the prosecution, the relevant inquiry is whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id.
 {¶ 14} An appellate court will not reverse a judgment as being against the manifest weight of the evidence in a bench trial where the trial court could reasonably conclude from substantial evidence that the state has proved the offense beyond a reasonable doubt. State v. Eskridge (1988), 38 Ohio St.3d 56,59. When reviewing a manifest weight of the evidence claim, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, and consider the credibility of witnesses to determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See State v. Thompkins,78 Ohio St.3d 380, 1997-Ohio-52. In reviewing the evidence, an appellate court must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence. State v. DeHass
(1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 15} Appellant first argues that his convictions for importuning and attempted unlawful sexual conduct with a minor were both supported by insufficient evidence and against the manifest weight of the evidence because the state failed to show beyond a reasonable doubt that appellant "believed he was chatting with an actual juvenile or was reckless in that regard."
 {¶ 16} R.C. 2907.07(E)(2) prohibits importuning when the offender "believes" the other person is 13 to 15 years old "or is reckless in that regard." R.C. 2907.04(A) prohibits sexual conduct with a minor when the offender "knows" the other person is 13 to 15 years old or "is reckless in that regard." We note that under these statutory provisions, the inquiry is not whether the offender knew or believed he was dealing with an actual child but rather whether the offender knew or believed the child was 13 to 15 years old or was reckless in that regard.
 {¶ 17} "A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist." R.C. 2901.22(C).
 {¶ 18} In the case at bar, soon after initiating the conversation, appellant asked Petie how old he was. Petie replied he was 14 years old. Appellant commented "hey you are very young" before asking "you think I am older for you." Later in the conversation, appellant stated "I am scared, you are just 14." During the conversation, Petie made references to living with his parents and how his "mom [broke] the hand set on the phone * * * when she threw it the other night." Petie also told appellant he did not have a picture to give appellant because "mom hasn't got me 1 yet." In turn, appellant asked Petie if his "folks would be home when I get there." Finally, after his arrest, appellant told police officers he was trying to find Hampshire Court to meet a boy.
 {¶ 19} Based upon the foregoing, we find that appellant knew or believed Petie was 14 years old or was reckless in that regard. Appellant's convictions for importuning and attempted unlawful sexual conduct with a minor were therefore supported by sufficient evidence and were not against the manifest weight of the evidence.
 {¶ 20} Appellant also argues that the state failed to prove he attempted to engage in unlawful sexual conduct with a minor. Specifically, appellant argues that the mere evidence he drove to Hampshire Court, a "neutral location," and the fact that no real minor was involved were insufficient to establish that he took a "substantial step" towards engaging in unlawful sexual conduct with a minor, which was strongly corroborative of his purpose to commit the offense.
 {¶ 21} Appellant was convicted of attempted unlawful sexual conduct with a minor in violation of R.C. 2907.04(A) and2923.02(A).[2] "A `criminal attempt' is when one purposely does or omits to do anything which is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime. To constitute a substantial step, the conduct must be strongly corroborative of the actor's criminal purpose. (R.C. 2923.02[A].)" State v.Woods (1976), 48 Ohio St.2d 127, paragraph one of the syllabus.
 {¶ 22} "It is no defense to a charge under [R.C. 2923.02(A)] that, in retrospect, commission of the offense that was the object of the attempt was either factually or legally impossible under the attendant circumstances, if that offense could have been committed had the attendant circumstances been as the actor believed them to be." R.C. 2923.02(B).
 {¶ 23} In State v. Priest, Greene App. No. 2001 CA 108, 2002-Ohio-1892, 2002 WL 628639, the Second Appellate District held that although no real minor was involved, the fact that Priest "drove to [a] specified location on the date and time planned and that attempt to meet the imaginary Ashley was clearly a substantial step in the course of conduct planned to culminate in his commission of the crime [attempted unlawful sexual conduct with a minor]. It is obvious that his trip * * * was strongly corroborative of his criminal purpose." Id. at *4. See, also,State v. Gann, 154 Ohio App.3d 170, 2003-Ohio-4000.
 {¶ 24} In light of the foregoing, we find that there was sufficient evidence to establish that appellant took a substantial step towards engaging in unlawful sexual conduct with a minor, which was strongly corroborative of his purpose to commit the offense. His conviction for attempted unlawful sexual conduct with a minor was therefore supported by sufficient evidence. Appellant's second assignment of error is overruled.
 {¶ 25} Assignment of Error No. 3:
 {¶ 26} "The trial court committed plain error in designating Mr. lobo a sexually oriented offender."
 {¶ 27} R.C. 2950.01(D) defines "sexually oriented offenses." Appellant argues that under the version of R.C. 2950.01(D)(1)(b) applicable at the time appellant chatted online with Petie, only defendants whose convictions (for importuning and unlawful sexual conduct with a minor) involved an actual minor were eligible to be classified as sexually oriented offenders.
 {¶ 28} Until July 31, 2003, R.C. 2950.01(D)(1)(b) defined "sexually oriented offense" as:
 {¶ 29} "(1) Any of the following violations or offenses committed by a person eighteen years of age or older:
 {¶ 30} "* * *
 {¶ 31} "(b) Any of the following offenses involving a minor, in the circumstances specified:
 {¶ 32} "(i) A violation of * * * [R.C.] 2907.04 or former * * * 2907.04 * * * when the victim of the offense is under eighteen years of age;
 {¶ 33} "* * *
 {¶ 34} "(vi) A violation of [R.C.] 2907.07(D) or (E)."
 {¶ 35} In State v. Bolden, Montgomery App. No. 19943, 2004-Ohio-2315, the defendant, who was classified as a sexually oriented offender, argued that R.C. 2950.01(D)(b)(vi) should not include violations of R.C. 2907.07(E)(2) because the latter provision involves a police officer, not a minor. The defendant argued that since R.C. 2907.07(E)(2) does not involve an actual minor, a violation of that statute cannot be a sexually oriented offense. The state, in turn, argued that "the plain language of R.C. 2950.01(D)(b)(vi) states, without qualification, that violations of R.C. 2907.07(E) are sexually oriented offenses."
 {¶ 36} The Second Appellate District agreed with the state that "a violation of R.C. 2907.07(E)(2) is a sexually oriented offense. The plain language of R.C. 2950.01 indicates that any violation of R.C. 2907.07(E) is a sexually oriented offense. The legislature did not distinguish between the subsections of R.C.2907.07(E), i.e., where the victim was an actual minor between the ages of thirteen and fifteen as opposed to a police officer posing as such a minor. The legislature clearly knew how to distinguish between these sections yet chose not to do so. The fact that the legislature indicated that R.C. 2950.01-(D)(1)(b) applied to `the following offenses involving a minor' does not create the ambiguity asserted by Bolden, considering that the aim of R.C. 2907.07, in its entirety, is to protect minors from solicitation to engage in sexual activity." Id. at ¶ 73. The court also emphasized that the purpose of R.C. Chapter 2950 is to protect the public, not to punish the offender. Id.
 {¶ 37} In light of Bolden, we find that the trial court did not err by classifying appellant as a sexually oriented offender under R.C. 2950.01(D)(1)(b). Appellant's third assignment of error is overruled.
 {¶ 38} Judgment affirmed.
Powell and Walsh, JJ., concur.
[1] R.C. 2907.07(E)(2), which has now been renumbered R.C.2907.07(D)(2), provides that "[n]o person shall solicit another by means of a telecommunications device, as defined in [R.C.] 2913.01, to engage in sexual activity with the offender when the offender is eighteen years of age or older and * * * [t]he other person is a law enforcement officer posing as a person who is thirteen years of age or older but less than sixteen years of age, the offender believes that the other person is thirteen years of age or older but less than sixteen years of age or is reckless in that regard, and the offender is four or more years older than the age the law enforcement officer assumes in posing as the person who is thirteen years of age or older but less than sixteen years of age."
[2] R.C. 2923.02(A) states that "[n]o person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense."