JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Plaintiff-appellant, the state of Ohio, appeals the trial court's decision not to hold a sexual-offender hearing under R.C.2950.09. We reverse and remand.
A jury found defendant-appellant Joseph Kinser guilty of two counts of importuning[1] and one count of attempted unlawful sexual conduct with a minor.[2] The trial court decided that it did not have to hold a sexual-offender hearing, and the state has appealed. The state now argues that the trial court should have held the sexual-offender hearing because the importuning charges involved sexually oriented offenses. The state couches its argument in terms of the retroactivity of S.B. No. 5, which changed the definition of a "sexually oriented offense," but we have already addressed this purely legal question.
We recently ruled on identical facts and arguments in State v.Gross.[3] Gross was found guilty of importuning; the trial court refused to hold sexual-offender proceedings. Gross's offense occurred only a month after Kinser's crimes, and the same versions of the relevant statutes were in effect for each set of crimes.
We held in Gross (and we hold now) that importuning had been defined as a sexually oriented offense under former R.C.2950.01(D)(1)(b). The harm was in the asking, and the fact that it was a police officer on the other end of the conversation instead of an actual minor does not change the outcome.[4]
We therefore need not determine whether S.B. No. 5 is retrospective.
The trial court therefore should have conducted the relevant sexual-offender proceedings. Accordingly, we reverse the trial court's judgment and remand for a sexual-offender hearing.
Further, a certified copy of this Judgment Entry shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Painter and Sundermann, JJ.
[1] See R.C. 2907.07.
[2] See R.C. 2907.04.
[3] 1st Dist. Nos. C-040196 and C-040208, 2004-Ohio-6997.
[4] See id; see, also, State v. Bolden, 2d Dist. No. 19943, 2004-Ohio-2315, ¶ 73; State v. Lobo, 12th Dist. No. CA2004-03-063, 2004-Ohio-5821.