OPINION
{¶ 1} Plaintiff-appellant, the State of Ohio, appeals from the judgment of the Franklin County Court of Common Pleas sentencing defendant-appellee, Nadim K. Nader, upon his guilty plea to one count of attempted unlawful sexual conduct with a minor, a violation of R.C. 2923.02
and 2907.04. Specifically, appellant appeals the trial court's finding that appellee is not a sexually oriented offender, as defined in R.C.2950.01(D). For the following reasons, we reverse.
 {¶ 2} The charge against appellee arose from appellee's interactions in an internet chat room and through instant messaging with a Westerville police officer posing as a 14-year-old girl and using the screen name "Brooke 14." After appellee expressed his intention of having sex with "Brooke 14," appellee and "Brooke 14" planned to meet. A Bill of Information was filed on November 12, 2004, charging appellee with one count of attempted unlawful sexual conduct with a minor, a violation of R.C. 2923.02 and 2907.04. The same day, appellee entered a guilty plea to the charge.
 {¶ 3} The court found appellee guilty of attempted unlawful sexual conduct with a minor and ordered a pre-sentence investigation. On January 6, 2005, the court held a sentencing hearing, during which the court stated its finding that appellee is not a sexually oriented offender. In a judgment entry filed January 10, 2005, the trial court sentenced appellee and again stated its determination that appellee is not a sexual predator, habitual sexual offender or sexually oriented offender. Appellant filed a timely appeal, assigning the following as error:
THE TRIAL COURT ERRED BY FAILING TO CLASSIFY DEFENDANT AS A SEXUALLY-ORIENTED OFFENDER.
 {¶ 4} In its sole assignment of error, appellant argues that the trial court erred by failing to classify appellee as a sexually oriented offender based on his conviction for a sexually oriented offense. "[I]f a defendant has been convicted of a sexually oriented offense as defined in R.C. 2950.01(D), and is neither a habitual sex offender nor a sexual predator, the sexually oriented offender designation attaches as a matter of law." State v. Hayden, 96 Ohio St.3d 211, 2002-Ohio-4169, at paragraph two of the syllabus. When a defendant is convicted of a sexually oriented offense, there is no determination for the trial court to make; "`[i]t merely engages in the ministerial act of rubber-stamping the registration requirement on the offender.'" Id. at ¶ 16, quoting lower court dissent. Appellant argues that attempted unlawful sexual conduct with a minor is a sexually oriented offense under R.C. 2950.01(D)(1)(b) and (g), and that the designation of sexually oriented offender therefore attaches to appellee as a matter of law. Appellee does not dispute that the sexually oriented offender label attaches as a matter of law to one convicted of a sexually oriented offense, but argues that he was not convicted of a sexually oriented offense.
 {¶ 5} Appellee entered a guilty plea to, and was convicted of, one count of attempted unlawful sexual conduct with a minor. R.C. 2907.04(A) defines the offense of unlawful sexual conduct with a minor and provides that:
No person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard.
In defining attempt offenses, R.C. 2923.02(A) provides that:
No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense.
Neither factual nor legal impossibility is a defense to an attempt charge if the attempted offense could have been committed "had the attendant circumstances been as the actor believed them to be." R.C.2923.02(B).
 {¶ 6} Appellee argues that attempted unlawful sexual conduct with a minor does not constitute a sexually oriented offense where, like the facts underlying his conviction, no actual minor was involved. Pursuant to R.C. 2950.01(D), "sexually oriented offense" means any of the following:
(1) Any of the following violations or offenses committed by a person eighteen years of age or older:
* * *
(b) Any of the following offenses involving a minor, in the circumstances specified:
(i) A violation of division (A)(4) of section 2905.01 or section 2907.04,2907.06, or 2907.08 of the Revised Code, when the victim of the offense is under eighteen years of age;
* * *
(g) An attempt to commit * * * any offense listed in division (D)(1)(a), (b), (c), (d), (e), or (f) of this section.
 {¶ 7} Appellee argues that the plain language of R.C. 2950.01(D)(1)(b) and (g) designates a violation of R.C. 2907.04 or an attempt to violate R.C. 2907.04 as a sexually oriented offense only when the victim of the offense is less than 18 years of age. Under the facts of this case, because he actually communicated with and planned to meet an undercover police officer rather than a minor, appellee contends that there was no victim less than 18 years of age. Therefore, appellee argues that his offense does not fall within the definition of a sexually oriented offense. To the contrary, appellant argues that the plain language of R.C. 2950.01(D)(1)(g) requires the conclusion that an attempt to violate R.C. 2907.04 is a sexually oriented offense.
 {¶ 8} R.C. 2950.01(D)(1)(b)(i) lists several offenses that constitute sexually oriented offenses "when the victim of the offense is under eighteen years of age[.]" Unlike the other offenses listed in R.C.2950.01(D)(1)(b)(i), an essential element of unlawful sexual conduct with a minor is that the victim is between the ages of 13 and 15.[1] By its express terms, a violation of R.C. 2907.04 cannot occur absent a victim between the ages of 13 and 15. Therefore, any valid conviction for unlawful sexual conduct with a minor satisfies the requirements of R.C.2950.01(D)(1)(b) that the offense involve a minor, and of R.C.2950.01(D)(1)(b)(i) that the victim of the offense is less than 18 years of age. Thus, any violation of R.C. 2907.04 constitutes a sexually oriented offense.
 {¶ 9} Despite the fact that unlawful sexual conduct with a minor in violation of R.C. 2907.04 always constitutes a sexually oriented offense, appellee argues that an attempt to violate R.C. 2907.04
constitutes a sexually oriented offense only when there is an actual victim less than 18 years of age. Appellee bases his argument on the fact that R.C. 2950.01(D)(1)(b)(i) does not expressly state that an "intended" victim or "attempted" victim under 18 years of age brings a violation of R.C. 2907.04 within the definition of sexually oriented offense. We find appellee's argument flawed. The legislature had no need to include the terms "intended" or "attempted" victim in R.C. 2950.01(D)(1)(b)(i) because that section deals with completed offenses — violations of the Ohio Revised Code sections listed therein — which necessarily entail actual victims.
 {¶ 10} Although R.C. 2950.01(D)(1)(b)(i) itself deals with completed offenses, the legislature also provided that an attempt to commit the offenses listed in R.C. 2950.01(D)(1)(b) constitutes a sexually oriented offense. R.C. 2950.01(D)(1)(g). The relevant offense listed in R.C.2950.01(D)(1)(b) is a violation of R.C. 2907.04, which, as stated above, necessarily involves a victim less than 18 years of age. Because any violation of R.C. 2907.04 satisfies the requirement in R.C.2950.01(D)(1)(b)(i) of a victim under 18 years of age, and because an attempt to commit an offense listed in R.C. 2950.01(D)(1)(b)(i) qualifies as a sexually oriented offense under R.C. 2950.01(D)(1)(g), we find that appellee's conviction for attempted unlawful sexual conduct with a minor qualifies as a sexually oriented offense.
 {¶ 11} Unlike a completed violation of R.C. 2907.04, an attempt to violate that statute will not involve an actual victim. Imposing a requirement of an actual victim under the age of 18 would negate the legislature's inclusion of attempt offenses within the definition of sexually oriented offenses. An attempted violation of R.C. 2907.04
requires an attempt to engage in sexual conduct with another person between the ages of 13 and 15. It is undisputed that appellee intended to engage in sexual conduct with a 14-year-old girl. The fact that appellee could not complete the offense of unlawful sexual conduct with a minor because he was communicating with an undercover police officer rather than an actual 14-year-old girl is not a defense to an attempt charge. See R.C. 2923.02(B). The lack of the words "intended" or "attempted" victim does not render R.C. 2950.01(D)(1)(b) ambiguous. By including "an attempt to commit" any offense listed in R.C. 2950.01(D)(1)(b) within the definition of sexually oriented offense, the legislature clearly intended to include attempted unlawful sexual conduct with a minor as a sexually oriented offense.
 {¶ 12} Appellee also argues that R.C. 2950.01(D)(1)(b)(i) is ambiguous and that doubts must, therefore, be resolved in appellee's favor. Although R.C. 2901.04(A) requires that "sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused[,]" R.C. Chapter 2950 defines neither offenses nor penalties. R.C. Chapter 2950 does not prohibit any conduct. State v. Williams (2000), 88 Ohio St.3d 513, 533. "R.C. Chapter 2950, on its face, clearly is not punitive because it seeks to `protect the safety and general welfare of the people of this state,' which is a `paramount governmental interest.'" State v. Cook (1998),83 Ohio St.3d 404, 417, quoting R.C. 2950.02(B) and (A)(2). Moreover, as stated above, we do not find R.C. 2950.01(D)(1)(b)(i) ambiguous as applied to appellee.
 {¶ 13} In a situation analogous to this case, the Second District Court of Appeals held that the defendant's conviction for attempted unlawful sexual conduct with a minor, arising out of the defendant's actions after communicating with a police officer posing as a 14-year-old girl, qualified as a sexually oriented offense under R.C. 2950.01(D).State v. Moller (Apr. 19, 2002), Greene App. No. 2001-CA-99. The Second District held that former R.C. 2950.01(D)(7), "clearly defines a sexually oriented offense as an attempt to commit a violation of R.C. 2907.04" and found that the trial court did not err in classifying the defendant as a sexually oriented offender.[2]
 {¶ 14} Other Ohio courts have considered and rejected arguments similar to those raised by appellee herein in the context of whether a violation of the importuning statute, R.C. 2907.07, constitutes a sexually oriented offense where the offender solicits an undercover law enforcement officer under the mistaken belief that he is soliciting a minor between the ages of 13 and 15. See State v. Bolden, Montgomery App. No. 19943, 2004-Ohio-2315; State v. Lobo, Butler App. No. CA2004-03-063, 2004-Ohio-5821; State v. Gross, Hamilton App. No. C-040196, 2004-Ohio-6997. Those cases dealt with a prior version of R.C.2950.01(D), which defined a sexually oriented offense, in pertinent part, as an offense involving a minor, including a violation of division "(D) or (E) of section 2907.07 of the Revised Code[.]"[3] See former R.C. 2950.01(D)(1)(b)(vi). The relevant portion of the importuning statute, R.C. 2907.07(E)(2), prohibited a person from soliciting another by means of a telecommunications device to engage in sexual activity with the offender when the offender is at least 18 years old and the other person is a law enforcement officer posing as a person between the ages of 13 and 15 and the offender believes that the other person is between the ages of 13 and 15 or is reckless in that regard.[4]
 {¶ 15} In Bolden, Lobo, and Gross, the defendants were convicted of violating R.C. 2907.07(E)(2). Much like appellee's argument herein, the defendants in Bolden, Lobo, and Gross argued that the offenses they were convicted of did not constitute sexually oriented offenses because they involved police officers posing as minors rather than actual minors. InBolden, the Second District Court of Appeals rejected the defendant's argument, holding that the language in R.C. 2950.01(D)(1)(b) defining sexually oriented offenses as "involving a minor" does not create ambiguity. Bolden at ¶ 73. While noting the purpose of R.C. Chapter 2950 to protect the public, the court stated that:
* * * "[T]he citizens of the State of Ohio are equally entitled to protection from an offender who actually communicates with a minor as well as from an offender who simply believes he is conversing with a minor, but instead is communicating with a law enforcement officer, and to interpret the applicable statutes otherwise would lead to a nonsensical result." * * *
Id. Thus, even where the offense was expressly defined by statute as solicitation of an undercover police officer rather than as solicitation of an actual minor, the court found that a violation of R.C. 2907.07(E)(2) constituted a sexually oriented offense. Following Bolden, both the First and Twelfth District Courts of Appeals likewise held that a violation of R.C. 2907.07(E)(2) constitutes a sexually oriented offense under R.C.2950.01(D). See Gross at ¶ 32 (holding that a violation of R.C.2907.07[E][2] is an offense "involving a minor" and, thus, constitutes a sexually oriented offense); Lobo at ¶ 36 (holding that the plain language of R.C. 2950.01(D) indicates that importuning is a sexually oriented offense, whether the victim is an actual minor or a police officer posing as a minor).
 {¶ 16} Given the purpose of R.C. Chapter 2950 to protect the public, we agree with the reasoning of the First, Second, and Twelfth Districts. Upon review, we conclude that a conviction of attempted unlawful sexual conduct with a minor in violation of R.C. 2907.04 and 2923.02 is an offense involving a minor and constitutes a sexually oriented offense even in the absence of an actual victim less than 18 years of age. Because appellee was convicted of a sexually oriented offense, the trial court erred in failing to classify appellee as a sexually oriented offender. Therefore, appellant's assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this matter is remanded with instructions that the trial court enter a finding that appellee is a sexually oriented offender.
Judgment reversed and cause remanded with instructions.
Bryant and Petree, JJ., concur.
[1] R.C. 2905.01(A)(4) defines the offense of kidnapping with the purpose to engage in sexual activity with the victim against the victim's will. R.C. 2907.06 defines the offense of sexual imposition, and R.C.2907.08 defines the offense of voyeurism. Such offenses may be committed against an adult or a minor.
[2] Although Moller involved a prior version of R.C. 2950.01, the relevant substance of R.C. 2950.01(D)(1)(b)(i), formerly R.C.2950.01(D)(2)(a), and R.C. 2950.01(D)(1)(g), formerly R.C. 2950.01(D)(7), remains unchanged.
[3] Under the current version of R.C. 2950.01(D)(1)(a), a violation of R.C. 2907.07 by a person 18 years of age or older is a sexually oriented offense regardless of the victim's age.
[4] R.C. 2907.07(E)(2) has since been renumbered as R.C. 2907.07(D)(2) and includes the additional requirement that the offender is four or more years older than the age the law enforcement officer assumes in posing as the person between the ages of 13 and 15.