OPINION
{¶ 1} Defendant-appellant, Terry King, appeals his convictions in the Butler County Court of Common Pleas for attempted unlawful sexual conduct with a minor and importuning. We affirm appellant's convictions.
 {¶ 2} On March 13, 2003, Detective Mark Hayes of the Pornography and Child Exploitation Unit of the Hamilton Police Department participated in a Yahoo on-line internet chat with appellant, posing as a 14-year-old girl with the name "bailey_girl_14," ("Bailey"). Det. Hayes created Bailey's public profile in a Yahoo Member Directory, indicating that Bailey was a 14-year-old female student from Hamilton, Ohio. After locating Bailey in a Cincinnati chat room, appellant, using the name "gmcukonx1444," initiated a conversation with Bailey by sending her a private instant message outside the chat room. During this conversation, appellant asked Bailey her age, and Bailey told him she was 14 years old. Appellant asked Bailey if they could meet, and if she would let him cuddle with and kiss her. Bailey responded that she might be interested in meeting him in person, and might let him cuddle with and kiss her.
 {¶ 3} Appellant and Bailey engaged in several private online conversations over the course of the following week. On Monday, March 17, appellant and Bailey made plans to meet on Friday of that week. Appellant then asked Bailey, "[w]hat happens if I want to get a little hot with you as far as making out like [sic] touch you . . .?" Bailey then asked, "you mean like kissing and stuff?" Appellant responded, "[k]issing and MAYBE a little more." Bailey told him maybe. Appellant then asked Bailey if she was a virgin, and Bailey said she was. Appellant then asked, "would you want to fool around with me?" Bailey answered that she might, and appellant responded, "[b]ut not have sex, right?" Bailey replied, "well maybe." Appellant then asked Bailey her age again, and Bailey told him she was 14. Appellant then stated, "I would like to be the first one to have sex with you."
 {¶ 4} Later in the conversation appellant asked, "why didn't you have sex with your ex," to which Bailey replied, "[I] didn't wanna [sic] do it with him." Appellant then asked, "would you do it with me?" Bailey responded that she would, and appellant then told her that if they had sex, Bailey could not tell anyone. Bailey responded that she would not tell anyone. Appellant then told Bailey he could pick her up and take her to a hotel room. Appellant then asked Bailey, "I can't have kids so can we do it without a condom?" Bailey responded, "ok," and appellant then asked if Bailey would like to feel appellant ejaculate in her. Bailed replied that she hadn't really thought about that.
 {¶ 5} On Friday, March 21, appellant and Bailey engaged in another online conversation. Appellant asked, "are you still wanting to meet tonight?" Bailey replied that she did want to meet him that night. Appellant then said, "I have one concern about meeting you * * * [h]ow do I know you are not a cop setting me up to be busted?" Bailey replied that she was not a cop. The two then made plans to meet at a restaurant in Hamilton at 9:00 p.m. Appellant again asked Bailey, "[y]ou going [sic] to let me do what I want to you tonight as far as touching you and having sex with you?" Bailey said, "yeah, as long as it's nothin [sic] weird." Appellant told Bailey he would pick her up in a silver or red car.
 {¶ 6} Det. Hayes and other law enforcement officials waited at the location where appellant and Bailey planned to meet. The officers observed a light gray colored vehicle enter the parking lot. Officers watched as the driver circled the parking lot and then parked the car again. A few moments later, the driver started to move the car again, but officers blocked his vehicle to prevent him from leaving. Det. Hayes recognized that the driver resembled the man in a picture appellant had sent to Bailey. Det. Hayes then identified himself and arrested appellant. Officers transported appellant to the police station, where Det. Hayes then advised appellant of his Miranda rights. Appellant waived his Miranda rights and signed a Miranda warning card. Appellant then voluntarily admitted to chatting with Bailey, and that he thought she was a 14-year-old girl from Hamilton.
 {¶ 7} Appellant was charged with attempted unlawful sexual conduct with a minor in violation of R.C. 2923.02(A) and importuning in violation of R.C. 2907.07(E)(2).[1] After a jury trial, appellant was convicted on both counts. Appellant appeals his conviction, raising four assignments of error.
 {¶ 8} Assignment of Error No. 1:
 {¶ 9} "The trial court erred to the prejudice of defendant-appellant when it found former O.R.C. § 2907.07(E)(2) to be constitutional."
 {¶ 10} Appellant argues that R.C. 2907.07(D)(2) is unconstitutional because it infringes upon freedoms guaranteed by the First Amendment to the U.S. Constitution. Appellant maintains that this statute unconstitutionally bans conversations between an adult and another adult posing as a "virtual child." Appellant claims that R.C. 2907.07(D)(2) violates the rules set forth by the U.S. Supreme Court in Ashcroft v.Free Speech Coalition (2002), 535 U.S. 234, 122 S.Ct. 1389. We disagree.
 {¶ 11} R.C. 2907.07 provides, in relevant part:
 {¶ 12} "(D) No person shall solicit another by means of a telecommunications device, as defined in [R.C. 2913.01], to engage in sexual activity with the offender when the offender is eighteen years of age or older and either of the following applies:
 {¶ 13} "* * *
 {¶ 14} "(2) The other person is a law enforcement officer posing as a person who is thirteen years of age or older but less than sixteen years of age, the offender believes that the other person is thirteen years of age or older but less than sixteen years of age or is reckless in that regard, and the offender is four or more years older than the age the law enforcement officer assumes in posing as the person who is thirteen years of age or older but less than sixteen years of age."
 {¶ 15} This court has previously determined that former R.C.2907.07(E)(2) is constitutional on its face and does not violate rights guaranteed by the First Amendment. See State v. Cearley, Butler App. No. CA2003-08-213, 2004-Ohio-4837, State v. Lobo, Butler App. No. CA2004-03-063, 2004-Ohio-5821. Appellant argues that this court should reconsider our previous decisions on this matter. We decline to do so, and we continue to follow the holdings in Cearley and Lobo. Appellant's first assignment of error is overruled.
 {¶ 16} Assignment of Error No. 2:
 {¶ 17} "The trial court erred to the prejudice of defendant-appellant when it excluded certain documentary evidence."
 {¶ 18} Appellant argues that the trial court abused its discretion in refusing to admit into evidence documents relevant to appellant's state of mind at the time he committed the offenses. We disagree.
 {¶ 19} The admission or exclusion of evidence is a matter committed to the sound discretion of the trial court. State v. Allen, 73 Ohio St.3d 626,633, 1995-Ohio-283. Absent an abuse of discretion, an appellate court will not disturb a trial court's ruling as to the admissibility of evidence. State v. Issa, 93 Ohio St.3d 49, 64, 2001-Ohio-1290. An abuse of discretion connotes more than an error in law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.State v. Barnes, 94 Ohio St.3d 21, 23, 2002-Ohio-68.
 {¶ 20} In response to the state's pretrial motion for discovery, appellant provided several exhibits he planned to use at trial. Among these exhibits were: Exhibit B, a videotape of the chat room appellant used to find Bailey; Exhibit C, the license agreement for the Yahoo chat rooms; Exhibit D, the public profiles of several users or participants of the chat room; and Exhibits E, F1, F2, and G, transcripts of several chat room conversations. The state filed a motion in limine, seeking to exclude these exhibits from being admitted at trial. The state argued that the videotape, the user profiles, and the chat room transcripts are not relevant, and that admitting the license agreement would cause the jury to confuse the issues. The trial court granted the state's motion to exclude this evidence.
 {¶ 21} Appellant argues that the videotape, the user profiles, and the chat room transcripts demonstrate the atmosphere in which the conversations between appellant and Bailey took place. Appellant maintains that this evidence shows that the conversations in these chat rooms are graphic and adult in nature. Appellant claims the Yahoo license agreement shows that under the terms of the agreement, a person who participates in Yahoo's chat rooms and uses its instant messaging software represents that he or she is at least 18 years old. Appellant argues that all of this evidence is relevant to support his argument that he did not really believe Bailey was actually 14 years old.
 {¶ 22} In general, evidence that is relevant is admissible. Evid.R. 402. According to Evid.R. 401, "`relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."
 {¶ 23} At issue in this case is whether appellant believed he was communicating with a person over the age of 13 but under the age of 16. See R.C. 2907.07(D)(2). Therefore, evidence that can show that appellant believed Bailey was over 16 years of age is relevant. However, we disagree with appellant's assertions.
 {¶ 24} While appellant found Bailey by using the Yahoo chat room, none of their conversations actually took place "inside" the chat room. Rather, appellant and Bailey communicated through the use of private, instant messaging. The nature of the conversations that take place in this chat room is not relevant as to what took place during appellant's conversations with Bailey. Likewise, the profiles of users who visit this chat room are not relevant as to what took place during these conversations. Appellant has not provided any evidence that these individuals used the chat room when appellant found Bailey or at any time during the course of their discussions.
 {¶ 25} Although the Yahoo license agreement is arguably relevant, the trial court did not exclude it on grounds of relevancy. Rather, the trial court excluded it because of the confusion it would have caused for the jury if it had been admitted. According to Evid.R. 403(A), "relevant evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."
 {¶ 26} As appellant has pointed out, the license agreement states, in part, "[y]ou agree not to use [Yahoo services] to impersonate any personal entity * * * or falsely state or otherwise misrepresent your affiliation with a person or entity." We find that this statement would cause the jury undue confusion because it implies that a law enforcement officer may not use a Yahoo chat room to impersonate a 14-year-old girl when R.C. 2907.07(D)(2) clearly states that a law enforcement officer may. While there is some probative value in admitting the agreement to support appellant's argument that he believed Bailey was at least 18 years old, that probative value is minimal, considering the overwhelming evidence that appellant actually believed Bailey was 14 years old. Bailey told appellant twice during the course of their conversations that she was 14 years old, her public profile and user name both indicated she was 14, and appellant also voluntarily admitted to Det. Hayes that he believed Bailey was 14.
 {¶ 27} After reviewing the record, we find that the trial court did not abuse its discretion in excluding the videotape, the license agreement, the user profiles, and the chat room transcripts. Appellant's second assignment of error is overruled.
 {¶ 28} Assignment of Error No. 3:
 {¶ 29} "The trial court erred to the prejudice of defendant-appellant when it refused to instruct the jury regarding entrapment."
 {¶ 30} Appellant argues that it is incumbent upon a trial court to provide complete jury instructions that are relevant to all issues in the case. Appellant maintains that the trial court erred in failing to instruct the jury on entrapment.
 {¶ 31} A determination as to which jury instructions are proper is a matter left to the sound discretion of the trial court. State v. Guster
(1981), 66 Ohio St.2d 266, 271. We review the trial court's refusal to give the requested jury instructions for an abuse of discretion. Statev. Wolons (1989), 44 Ohio St.3d 64, 68. An abuse of discretion connotes more than an error in law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. State v. Barnes,94 Ohio St.3d 21, 23, 2002-Ohio-68.
 {¶ 32} Crim.R. 30(A) requires a trial court to "fully and completely give the jury all instructions which are relevant and necessary for the jury to weigh the evidence and discharge its duty as the fact-finder."State v. Comen (1990), 50 Ohio St.3d 206, paragraph two of the syllabus. In reviewing the record to ascertain the presence of sufficient evidence to support the giving of a proposed jury instruction, an appellate court should determine whether the record contains evidence from which reasonable minds might reach the conclusion sought by the instruction.State v. Risner (1997), 120 Ohio App.3d 571, 574. However, a trial court does not err in failing to instruct the jury on an affirmative defense where the evidence is insufficient to support the instruction.State v. Melchior (1978), 56 Ohio St.2d 15, 21-22.
 {¶ 33} Entrapment is an affirmative defense that a defendant has the burden of proving by a preponderance of the evidence. State v. Doran
(1983), 5 Ohio St.3d 187, paragraph two of the syllabus; R.C. 2901.05(A). Entrapment exists "where the criminal design originates with the officials of the government, and they implant in the mind of an innocent person the disposition to commit the alleged offense and induce its commission in order to prosecute." Doran at paragraph one of the syllabus. In order to establish entrapment, the defendant admits participation in the criminal activity but attempts to excuse that conduct by claiming the criminal design originated with government officials. Id.
 {¶ 34} However, there is no entrapment when government officials merely afford opportunities or facilities for the commission of the offense to a criminal defendant who was predisposed to commit the offense. Id. at 192. Where a person is ready and willing to break the law, the fact that government officials provide a means to do so is not entrapment. Id. Among the relevant factors considered when determining the defendant's predisposition to commit the offense include the defendant's ready acquiescence to the inducements offered by the police and his willingness to involve himself in criminal activity. Id. The defendant asserting the entrapment defense must adduce evidence supporting his lack of predisposition to commit the offense. Id.
 {¶ 35} After reviewing the record, we find that appellant failed to present evidence that Det. Hayes planted in appellant's mind the possibility of appellant and 14-year-old Bailey having sex. On the contrary, it was appellant who asked, "[w]hat happens if I want to get a little hot with you as far as making out like [sic] touch you . . .?" While technically, appellant is correct in his assertion that Bailey was the first to use the actual word "sex" in their conversation on March 17, 2003, her use of that word was in response to appellant's question as to whether Bailey was a virgin. Appellant then again asked if Bailey wanted to fool around with him, and when Bailey replied she might, appellant wrote, "[b]ut not have sex, right?" After Bailey answered maybe, appellant wrote that he wanted to be the first to have sex with Bailey.
 {¶ 36} We conclude that the trial court did not abuse its discretion in failing to instruct the jury on the affirmative defense of entrapment, as appellant failed to present sufficient evidence to support the defense. Appellant's third assignment of error is overruled.
 {¶ 37} Assignment of Error No. 4:
 {¶ 38} "The trial court erred to the prejudice of defendant-appellant when it ordered him to register in the court as a sexually oriented offender."
 {¶ 39} Appellant argues that because he was convicted of a sexually-oriented offense, but not classified as a sexual predator or a habitual sex offender, it is unconstitutional to order him to register as a sex offender. We disagree.
 {¶ 40} We have previously rejected this argument in State v.Meredith, Warren App. No. CA2004-06-062, 2005-Ohio-062. In Meredith, we agreed with the First Appellate District's holding in State v. Cooper,
Hamilton App. No. C-030921, 2004-Ohio-6428, ¶ 21, where the court held that, "* * * once an individual is convicted of a sexually oriented offense, he is automatically classified as a sexually oriented offender and, as long as there is evidence of sexual motivation, he must comply with the registration requirements of R.C. 2950.04 through [2950.07]." (Citations omitted.)
 {¶ 41} Further, the court stated, "* * * the Ohio Supreme Court [has] repeatedly held that non-punitive measures such as registration are civil in nature and pass constitutional muster as a rational exercise of the state's police powers." Cooper at ¶ 16, citing State v. Cook,83 Ohio St.3d 404, 1998-Ohio-291, (the language in R.C. Chapter 2950 reveals that the General Assembly's purpose is to "promote public safety and bolster the public's confidence in Ohio's criminal * * * systems");State v. Williams, 88 Ohio St.3d 534, 2000-Ohio-428, (holding that the registration requirements pursuant to R.C. Chapter 2950 do not violate the Equal Protection Clauses of the United States and Ohio Constitutions, and that "* * * there is nothing in R.C. Chapter 2950 that infringes upon any fundamental right of privacy or any other fundamental constitutional right that has been recognized by the United States Supreme Court").
 {¶ 42} Accordingly, we hold that the trial court did not err in ordering appellant to register as a sexual offender pursuant to R.C. Chapter 2950, as the registration requirements are not unconstitutional as applied to sexually-oriented offenders. Appellant's fourth assignment of error is overruled.
 {¶ 43} Judgment affirmed.
Powell, P.J., and Walsh, J., concur.
[1] We note that since appellant's conviction, the General Assembly has renumbered R.C. 2907.07(E)(2) such that it now exists as R.C.2907.07(D)(2).