OPINION
{¶ 1} Defendant-appellant, Drew Nicholas Chance, appeals his convictions in the Butler County Court of Common Pleas for importuning and attempted unlawful sexual conduct with a minor. Judgment affirmed.
 {¶ 2} Appellant was charged with the offenses after it was alleged that appellant arranged though internet correspondence to meet a 15-year-old girl for a sexual encounter in Hamilton, Ohio. Appellant was actually corresponding through an instant messaging program with a Hamilton Police detective, posing on the internet as a 15-year-old girl ("the girl").
 {¶ 3} A jury found appellant guilty of the two offenses,[1] and appellant was sentenced by the trial court. Appellant institutes the following appeal, presenting three assignments of error for our review.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "THE TRIAL COURT ERRED IN UPHOLDING THE JURY'S CONVICTION OF THE IMPORTUNING CHARGE AGAINST MR. CHANCE BECAUSE THE CONVICTION WAS AGAINST THE WEIGHT AND SUFFICIENCY OF THE EVIDENCE."
 {¶ 6} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v.Smith, 80 Ohio St.3d 89, 113, 1997-Ohio-355. After viewing the evidence in a light most favorable to the prosecution, the relevant inquiry is whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id.
 {¶ 7} When reviewing a manifest weight of the evidence challenge, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, and consider the credibility of witnesses to determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See Statev. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52. In reviewing the evidence, an appellate court must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence.State v. DeHass (1967), 10 Ohio St.2d 230, 231.
 {¶ 8} Under this assignment of error, appellant specifically argues that the state failed to produce sufficient evidence that appellant believed that the person with whom he was communicating was less than 16 years of age or that appellant was reckless in that regard. Appellant argues that there was insufficient evidence to show that appellant was not simply "role-playing" with "another person's invented and imaginary character." Further, appellant argues that the guilty verdicts were against the manifest weight of the evidence under the same theory.
 {¶ 9} R.C. 2907.07(D), states that "No person shall solicit another by means of a telecommunications device, * * * to engage in sexual activity with the offender when the offender is eighteen years of age or older and either of the following applies:
 {¶ 10} * * * (2) The other person is a law enforcement officer posing as a person who is thirteen years of age or older but less than sixteen years of age, the offender believes that the other person is thirteen years of age or older but less than sixteen years of age or is reckless in that regard, and the offender is four or more years older than the age the law enforcement officer assumes in posing as the person who is thirteen years of age or older but less than sixteen years of age."
 {¶ 11} "A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist." R.C. 2901.22(C).
 {¶ 12} There is no dispute that appellant was 25 years of age when he arranged to meet the detective posing as the 15-year-old girl in September 2004. Appellant and the girl apparently met after both had logged on to a chat room listed in the "romance" category for the Dayton area.
 {¶ 13} Appellant and the girl corresponded privately two separate times by written instant messaging on two separate days. During the first correspondence, which was initiated by appellant, appellant asked the girl how old she was and she wrote that she was 15 years of age. Appellant responded that his age was 25, and indicated, "I'm a little old, huh?" "[N]ot old . . . just kinda old to talk with you. . . . right?"
 {¶ 14} Both appellant and the girl exchanged photo images of themselves during that first correspondence. The detective sent a circa-1990 photo of the detective's spouse who was 13 or 14 years of age when the photo was taken. Appellant acknowledged that he received the photograph by commenting that the girl was cute.
 {¶ 15} During the first correspondence, appellant initiated a discussion about the girl's level of sexual experience, or lack thereof. Appellant told the girl that "someone my age couldn't have a [girlfriend] that is your age . . . know what I mean? The girl offered that she might get in trouble with her mother [if she had a boyfriend appellant's age]. Appellant added that he would be in trouble with the law.
 {¶ 16} Appellant initiated a second contact with the girl a week later, using a different screen name. When the girl asked who was contacting her, appellant replied that it was "Drew," told her the screen name he had previously used, and reminded her that she had met him online last week. Appellant again initiated a discussion about sex, eventually offering to teach the girl about oral sex and expressing his opinions about how to enhance oral sex.
 {¶ 17} Appellant and the girl discussed how they could meet. The girl indicated that appellant would have to pick her up, and they agreed that appellant would travel to Hamilton that evening when the girl's mother left the house so that appellant and the girl could "fool around."
 {¶ 18} Toward the end of the correspondence, appellant asked the girl whether she was "some cop that is trying to get me are you?" When the girl denied it and said the question hurt her feelings, appellant told her he was joking. Appellant then asked the girl if she was "really ready to have oral sex?"[2]
 {¶ 19} The girl gave appellant her address on Hampshire Court in Hamilton and appellant, who had already indicated that he lived in Cincinnati, told her that he had a 6 o'clock appointment and would drive to Hamilton afterward.
 {¶ 20} The police detective parked his unmarked vehicle on Hampshire Court and, observed a vehicle, later found to be registered to appellant, traveling from Hampshire Drive onto Hampshire Court around 7:30 p.m. The detective observed appellant's vehicle proceed slowly down the street and around the cul-de-sac and back toward the intersection with Hampshire Drive. The detective followed the vehicle and requested that uniformed officers effectuate a stop of appellant's vehicle, which was accomplished shortly thereafter.
 {¶ 21} Police located in appellant's vehicle an internet printout that mapped directions from appellant's apartment to the Hampshire Court address provided by the girl. Police also located a condom in an unopened wrapper in the front pocket of the shirt appellant was wearing.
 {¶ 22} Appellant subsequently gave a statement in which he admitted talking with someone with the screen name utilized by the police detective. Appellant provided his two screen names and indicated that he thought the girl said she was 16 years old. Appellant stated that he drove to Hamilton "out of curiosity," "to see if this was real or if it was a set up." Appellant stated that he "drove down Hampshire Drive and turn around [sic] and left. I never stopped."
 {¶ 23} Construing the evidence most favorably for the state on a sufficiency challenge, we find that a rational trier of fact could have found all the essential elements of the offense of importuning beyond a reasonable doubt.
 {¶ 24} There was sufficient evidence for the jury to find from appellant's correspondence and subsequent actions that appellant believed that the other person was 13 years of age or older but less than 16 years of age or was reckless in that regard. See State v. Worst, Butler App. No. CA2004-10-270,2005-Ohio-6550, ¶ 57 (statute does not require that defendant have "actual knowledge" that the person with whom he is communicating is, in fact, a minor; it only requires the state to prove beyond a reasonable doubt that the offender believed that the person with whom he was communicating was a minor, or was reckless in that regard).
 {¶ 25} Appellant also asserts that the numerous references in the instant messaging correspondence that indicated that he and the girl were kidding and laughing, and appellant's question about whether the girl was really a police officer was indicative of his lack of belief that the other person was indeed a 15-year-old girl as she stated. Further, appellant noted that the police detective did not list an age in the girl's chat profile, bolstering the argument that appellant very well may have believed that the girl was an adult playing a role or acting out a fantasy.
 {¶ 26} Reviewing the record to determine appellant's manifest weight of the evidence challenge, we find that the jury did not clearly lose its way and create such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
 {¶ 27} There was ample evidence for the jury to find that appellant believed he was dealing with a 15-year-old girl. Even though he was aware of the time constraints to schedule their sexual encounter, appellant never asked the girl whether she would drive somewhere to facilitate the meeting. The girl told appellant about her curfew and there were other indications that she had little freedom from parental control.
 {¶ 28} In addition, there was no evidence that appellant was role playing. A review of the record indicates that appellant provided the girl accurate information about himself and the jury could draw the inference that appellant believed the girl was doing the same. Appellant indicated more than once that he was aware that he was treading on legally dangerous ground.
 {¶ 29} Even assuming that these factors could also apply if appellant thought the girl was 16 years of age, the testimony was clear that the girl told appellant she was 15 years old. Appellant is an educated individual and the record shows no indication that appellant suffered from an inability to retain pertinent facts provided to him.
 {¶ 30} Appellant's first assignment of error is overruled.
 {¶ 31} Assignment of Error No. 2:
 {¶ 32} "THE TRIAL COURT ERRED IN OVERRULING MR. CHANCE'S MOTION TO DISMISS AND IN FINDING R.C. 2907.07(D)(2) TO BE CONSTITUTIONAL."
 {¶ 33} Appellant argues that R.C. 2907.07 is unconstitutionally overbroad on its face and as applied because it criminalizes speech presumptively protected by theFirst Amendment to the United States Constitution, absent the justification of protecting a real child.
 {¶ 34} We have considered appellant's arguments and supplemental authority in our de novo consideration of this issue. See State v. Stallings, 150 Ohio App.3d 5,2002-Ohio-5942, ¶ 6; State v. Hubbard, Preble App. No. CA2004-12-018. 2005-Ohio-6425, ¶ 6 (court reviews the trial court's decision on a motion to dismiss de novo, that is, without deference to the decision reached by the lower court).
 {¶ 35} We have previously determined that R.C. 2907.07(D)(2), as renumbered, is constitutional, and we continue to follow the prior holdings of this court on this specific issue. See Statev. Cearley, Butler App. No. CA2003-08-213, 2004-Ohio-4837, appeal not allowed by 105 Ohio St.3d 1406, 2005-Ohio-279; Statev. Lobo, Butler App. No. CA2004-03-063, 2004-Ohio-5821; Statev. King, Butler App. No. CA2004-03-058, 2005-Ohio-3623; Statev. Worst, 2005-Ohio-6550. See, also, e.g., State v. Snyder,155 Ohio App.3d 453, 2003-Ohio-6399 (Third Appellate District);State v. Turner, 156 Ohio App.3d 177, 2004-Ohio-464 (Second Appellate District); and State v. Tarbay, 157 Ohio App.3d 261,2004-Ohio-2721 (First Appellate District).
 {¶ 36} Appellant's second assignment of error is overruled.
 {¶ 37} Assignment of Error No. 3:
 {¶ 38} "THE TRIAL COURT ERRED IN UPHOLDING THE JURY'S CONVICTION ON THE ATTEMPTED UNLAWFUL SEXUAL CONDUCT WITH A MINOR CHARGE AGAINST MR. CHANCE BECAUSE THE CONVICTION WAS AGAINST THE WEIGHT AND SUFFICIENCY OF THE EVIDENCE."
 {¶ 39} R.C. 2907.04, states that, "(A) No person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard."
 {¶ 40} Appellant was charged with attempted unlawful sexual conduct. Under R.C. 2923.02, the "attempt" statute, "(A) No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense. * * *
 {¶ 41} "(B) It is no defense to a charge under this section that, in retrospect, commission of the offense that was the object of the attempt was either factually or legally impossible under the attendant circumstances, if that offense could have been committed had the attendant circumstances been as the actor believed them to be.
 {¶ 42} "(D) It is an affirmative defense to a charge under this section that the actor abandoned the actor's effort to commit the offense or otherwise prevented its commission, under circumstances manifesting a complete and voluntary renunciation of the actor's criminal purpose."
 {¶ 43} "A `criminal attempt' is when one purposely does or omits to do anything which is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime." State v. Woods (1976),48 Ohio St.2d 127, paragraph one of the syllabus, death penalty vacated (1978), 438 U.S. 910, 98 S.Ct. 3133, overruled on other grounds by State v. Downs (1977), 51 Ohio St.2d 47. A substantial step involves conduct which is "strongly corroborative of the actor's criminal purpose." Id. An attempt is complete when a defendant's conduct or acts constitute a substantial step in a sequence of events designed to result in the perpetration of a crime. Statev. Green (1997), 122 Ohio App.3d 566, 569-570.
 {¶ 44} Neither the intent to commit a crime nor mere preparation constitutes an attempt. Green at 570. However, the conduct necessary for a criminal attempt "need not be the last proximate act prior to the consummation of the felony." Id., citing State v. Farmer (1951), 156 Ohio St. 214, 216.
 {¶ 45} Under this assignment of error, appellant argues that there was no evidence that appellant took a "substantial step" towards the completion of the offense of attempted unlawful sexual conduct with a minor, and that appellant voluntarily abandoned his effort to commit the offense. Appellant specifically points to his statement and the testimony of the detective that appellant drove onto Hampshire Court, drove around the cul-de-sac, and left without stopping or getting out of his car.
 {¶ 46} First, we note that the detective's first description of appellant's actions when he drove onto Hampshire Court did not include any reference to appellant stopping his vehicle. However, the detective later testified that appellant "pulled up and stopped at meeting location briefly [sic] and then left."
 {¶ 47} Whether appellant stopped his vehicle briefly or not, he clearly drove from Cincinnati to Hamilton with a condom readily available. Appellant's act of driving to the prearranged location at the appointed date and time was a substantial step in the commission of the crime, which was strongly corroborative of his criminal purpose. State v. Lobo, 2004-Ohio-5821, ¶ 21-24;State v. Schaefer, 155 Ohio App.3d 448, 2003-Ohio-6538, ¶ 14;State v. Tarbay, 2004-Ohio-2721 at ¶ 22.
 {¶ 48} Construing the evidence most favorably for the state on the sufficiency challenge, we find that a rational trier of fact could have found all the essential elements of the offense of attempted unlawful sexual conduct with a minor beyond a reasonable doubt.
 {¶ 49} As we previously noted, appellant argues that he abandoned his efforts when he voluntarily left the Hampshire Court meeting place. We disagree.
 {¶ 50} Appellant had plenty of opportunities to abandon his planned sexual rendezvous any time after he signed off the internet, fulfilled his scheduled previous appointment, or drove 45 minutes from Cincinnati to Hamilton. Appellant did not abandon, but completed the step of appearing on the road and at the address where he had arranged and expected to meet the girl. When the girl was not present at the meeting place, appellant drove away from the meeting location to be arrested a few blocks away.
 {¶ 51} The jury did not clearly lose its way and create such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See State v. Kane (Apr. 23, 1984), Clermont App. No. CA83-09-076 (abandonment must be complete and voluntary in order to exculpate a defendant, and abandonment is neither complete nor voluntary where one abandons an attempted crime for fear of detection or when he realizes that he cannot complete the crime).
 {¶ 52} Appellant's third assignment of error is overruled.
 {¶ 53} Judgment affirmed.
Powell, P.J., and Bressler, J., concur.
[1] Appellant was also charged with possession of criminal tools, but the jury found him not guilty of that offense.
[2] We note that the State of Ohio told this court in its appellate brief that appellant asked the girl if she had touched a penis. We cannot locate any portion of the record that indicates that appellant ever asked such a question. Further, the state argued later in its brief that appellant was driving to the meeting place in a "vehicle that he had described." Again, we can find no reference in the record that appellant described the vehicle he would be driving. We caution the state to carefully review the facts and its citations to the record.