OPINION
{¶ 1} Defendant-appellant, LeMarc L. Brantley, appeals from a judgment of conviction on one count of importuning and one count of attempted unlawful sexual conduct with a minor. For the reasons outlined below, we affirm the decision of the trial court.
 {¶ 2} On February 22, 2006, appellant participated in an internet chat-room conversation with Lieutenant Jeff Braley of the Hamilton Township Police Department, who was at the time posing as a 14-year-old girl under the name "OhioSoccerGirl1 4." Appellant, a 24-year-old male using the online name of "Raz Brntly," talked with "OhioSoccerGirl1 4" about *Page 2 
school, sports and television. The conversation then turned sexual and appellant detailed sex acts he would like to perform with her. Appellant and "OhioSoccerGirl14" arranged to meet at a nearby Kroger. At approximately 7:00 p.m., appellant arrived at the Kroger parking lot and was arrested.
 {¶ 3} Appellant was indicted on March 6, 2006 on one count of importuning, a felony of the fifth degree in violation of R.C.2907.07(D)(2), one count of attempted unlawful sexual conduct with a minor, a felony of the fourth degree in violation of R.C. 2907.04(A), and one count of possession of criminal tools, a felony of the fifth degree in violation of R.C. 2923.24(A). After withdrawing his original no contest pleas, appellant proceeded to a bench trial, held July 17, 2006. The court found appellant guilty of importuning and attempted unlawful sexual conduct with a minor, but dismissed the possession of criminal tools charge. The court found that appellant was guilty of sexually-oriented offenses and classified him as a sexually-oriented offender, subject to statutory registration requirements. Appellant was then sentenced to 30 days in jail and three years of community control. Appellant then filed this appeal, raising four assignments of error for our review.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "APPELLANT'S CONVICTIONS FOR ATTEMPTED UNLAWFUL SEXUAL CONDUCT WITH A MINOR AND IMPORTUNING ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND ARE CONTRARY TO LAW."
 {¶ 6} Assignment of Error No. 2:
 {¶ 7} "THE VERDICTS FINDING APPELLANT GUILTY OF ATTEMPTED UNLAWFUL SEXUAL CONDUCT WITH A MINOR AND IMPORTUNING ARE NOT SUPPORTED BY LEGALLY SUFFICIENT EVIDENCE."
 {¶ 8} Because appellant's first two assignments of error may be resolved together, we will discuss them jointly. Appellant argues that his convictions are both not supported by *Page 3 
sufficient evidence and are also against the manifest weight of the evidence presented at trial. We disagree with appellant's argument.
 {¶ 9} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Smith, 80 Ohio St.3d 89, 113, 1997-Ohio-355. After viewing the evidence in a light most favorable to the prosecution, the relevant question is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v.Chance, Butler App. No. CA2005-09-373, 2006-Ohio-3622, ¶ 6.
 {¶ 10} When reviewing a manifest weight of the evidence challenge, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, and consider the credibility of witnesses to determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Id. at ¶ 7, citing State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52. In reviewing the evidence, an appellate court must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence. Id., citing State v. DeHass (1967), 10 Ohio St.2d 230, 231.
 {¶ 11} The trial court found appellant guilty of importuning and attempted sexual conduct with a minor. R.C. 2907.07(D) defines the offense of importuning and provides that "[n]o person shall solicit another by means of a telecommunications device,[1] * * * to engage in sexual activity with the offender when the offender is eighteen years of age or older and either *Page 4 
of the following applies:
 {¶ 12} "* * * (2) The other person is a law enforcement officer posing as a person who is thirteen years of age or older but less than sixteen years of age, the offender believes that the other person is thirteen years of age or older but less than sixteen years of age or is reckless in that regard, and the offender is four or more years older than the age the law enforcement officer assumes in posing as the person who is thirteen years of age or older but less than sixteen years of age."
 {¶ 13} R.C. 2907.04(A) prohibits sexual conduct with a minor and states that "[n]o person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard."
 {¶ 14} R.C. 2923.02, defining a criminal attempt, provides that "(A) [n]o person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense." The section further explains that, "[i]t is no defense to a charge under this section that, in retrospect, commission of the offense that was the object of the attempt was either factually or legally impossible under the attendant circumstances, if that offense could have been committed had the attendant circumstances been as the actor believed them to be." R.C. 2923.02(B).
 {¶ 15} In his first two assignments of error, appellant argues that his convictions are not supported by sufficient evidence and are against the manifest weight of the evidence. With regard to the crime of attempted sexual conduct with a minor, appellant specifically contends that "OhioSoccerGirl14" told him that 7:00 p.m. was too late to meet and that he therefore was not under the belief that "she" would be at the Kroger parking lot when he arrived. *Page 5 
Appellant further asserts that no evidence was presented to suggest that the two would engage in sexual acts upon meeting and that his act of driving to the Kroger lot is insufficient to establish a criminal attempt. With regard to the crime of importuning, appellant contends that the state failed to provide any evidence that appellant used a telecommunications device when soliciting sexual acts from "OhioSoccerGirl14."
 {¶ 16} At trial, Lt. Braley testified for the state. Lt. Braley testified that he was conducting an investigation into internet predators by logging into chat rooms and posing as "OhioSoccerGirl14", when he was contacted by "Raz Brntly." Lt. Braley testified that the conversation began with appellant asking, "Can I kiss your nice butt?" As the conversation went on, appellant and "OhioSoccerGirl14" talked about other things, including school, sports, and television. Appellant asked "OhioSoccerGirl1 4" how old she was, and Lt. Braley testified that he responded "14" and "almost 15." Appellant wrote back that he was 24 years old. Lt. Braley testified that the conversation soon turned sexual again, and appellant again asked if he could "kiss that sweet cutie ass." Appellant also told "OhioSoccerGirl14" that he would "love to give ya ass cheeks some suga" and asked her to "sit on [his] face" so he could "lick [her] ass and pussy."
 {¶ 17} "OhioSoccerGirl14" asked when appellant would like to do these things and the two made arrangements to meet at the Kroger grocery store on State Route 48 in Hamilton, Ohio at 5:30 p.m. Appellant told "OhioSoccerGirl14" that he would be wearing a blue shirt and jeans and driving a Toyota van. "OhioSoccerGirl14" gave appellant a cell phone number where he could send her text messages.
 {¶ 18} Appellant later sent "OhioSoccerGirl14" a text message saying that he would not be able to arrive until 7:00 p.m. They resumed their online conversation where "OhioSoccerGirl14" told appellant that 7:00 p.m. would be too late to meet and suggested that they meet the next day instead. However, appellant stated that he was on his way to the *Page 6 
Kroger parking lot. "OhioSoccerGirl14" then gave appellant further instructions on where to meet and said it would take her five minutes to get there.
 {¶ 19} Lt. Braley testified that at approximately 7:00 p.m., a vehicle matching appellant's description pulled into the lot. Lt. Braley also testified that he recognized the van from a picture posted on appellant's online profile, and recognized appellant from a picture that appellant sent to "OhioSoccerGirl 14" while online. Lt. Braley pulled up behind appellant's van and proceeded to arrest him. Lt. Braley testified that he then did an inventory search of appellant's vehicle and discovered approximately five condoms and a number of pornographic movie covers.
 {¶ 20} Lt. Braley testified that he then transported appellant to the police department, where appellant waived his Miranda rights and agreed to talk with him. At trial, the state played a video tape of appellant's interview, in which appellant admits he is "pretty much guilty." Appellant admitted that he had been chatting online with a 14-year-old girl that night and that "Raz Brntly" was his online profile name. Appellant identified a picture of himself as being from his online profile. Appellant further admitted that he knew that the girl he intended to meet was only 14 years old, and that he intended to meet with her "for fetish stuff" including oral sex and "sitting on [his] face." At the close of the state's case, a transcript of the online conversation between appellant and "OhioSoccerGirl14" was admitted into evidence, as well as the video tape of appellant's interview with Lt. Braley.
 {¶ 21} After a thorough review of the evidence presented at trial, we find that appellant's convictions are both supported by sufficient evidence and not against the manifest weight of the evidence. Lt. Braley's testimony, if believed, is sufficient to establish that appellant, a 24-year-old male, communicated, via an internet chat room and text messages, with what he believed to be a 14-year-old girl. During those conversations, appellant solicited what he believed to be a 14-year-old girl to engage in sexual acts, including oral sex. While *Page 7 
appellant argues that the state failed to produce a computer or cellular telephone that appellant used to communicate with "OhioSoccerGirl14," it is clear that the statute is satisfied by use of any device that facilitates telecommunication and would include any device appellant used to get onto the internet or send text messages. Appellant admitted that he was online and was communicating with "OhioSoccerGirl14" and his admission is sufficient circumstantial evidence that a telecommunications device was used. The evidence presented is sufficient to support a conviction for importuning.
 {¶ 22} Lt. Braley's testimony, if believed, is also sufficient to establish that appellant, a 24-year-old male, attempted to engage in sexual conduct with a minor. After soliciting what he believed to be a 14-year-old girl to engage in sexual conduct, appellant arrived at the predetermined meeting place with a number of condoms. Despite appellant's claims that he no longer believed he was meeting "OhioSoccerGirl14," it is clear from the online conversation that appellant assured "OhioSoccerGirl14" that he was "on his way" and that she then gave him additional directions and told him she would be there within five minutes to meet him.
 {¶ 23} Further, while appellant argues that his act of driving to the meeting place is insufficient for a criminal attempt, it is well-established that "the conduct necessary for a criminal attempt `need not be the last proximate act prior to the consummation of the felony.'" Chance, 2006-Ohio-3622, ¶ 44, citing State v. Farmer (1951),156 Ohio St. 214, 216. Appellant's act in driving to the predetermined meeting place is "strongly corroborative of [his] criminal purpose" and "a substantial step in a course of conduct planned to culminate in the commission of the crime." Id. at ¶ 43. The evidence presented is sufficient to support a conviction for attempted unlawful sexual conduct with a minor.
 {¶ 24} Finally, we do not find that the trial court lost its way in finding the evidence presented at trial to be credible and we find that appellant's convictions are not against the *Page 8 
manifest weight of the evidence. Accordingly, appellant's first and second assignments of error are without merit and are overruled.
 {¶ 25} Assignment of Error No. 3:
 {¶ 26} "THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A SEXUALLY ORIENTED OFFENDER."
 {¶ 27} In his third assignment of error, appellant argues that the trial court erred in classifying him as a sexually-oriented offender. Appellant contends that he may not be considered a sexually-oriented offender because his crimes did not involve an actual victim. Appellant asserts that because the "minor" with whom he attempted contact was actually an adult male police officer, there was no victim as required by the statute which defines a sexually-oriented offender.
 {¶ 28} The language of R.C. 2950.01(D) in effect at the time appellant was sentenced defines "sexually-oriented offenses," specifically including violations of R.C. 2907.07 (importuning), regardless of the age of the victim, and R.C. 2907.04 (unlawful sexual conduct with a minor). Pursuant to these definitions, we have previously rejected the argument asserted by appellant in this case. See State v. Lobo, Butler App. No. CA2004-03-063, 2004-Ohio-5821. In Lobo, we noted that the legislature, in classifying importuning as a sexually-oriented offense within the language of R.C. 2950.01, did not distinguish between offenses involving an actual minor as opposed to a police officer posing as a minor. Id. at ¶ 36, citing State v. Bolden, Montgomery App. No. 19943, 2004-Ohio-2315. Finding that "the aim of R.C. 2907.07, in its entirety, is to protect minors from solicitation to engage in sexual activity," we held that the court had not erred in classifying the appellant Lobo as a sexually-oriented offender. Id., quotingBolden at ¶ 73.
 {¶ 29} The same is true in this case. Appellant was convicted of sexually-oriented offenses and was properly classified as a sexually-oriented offender under the language of *Page 9 
R.C. 2950.01 existing at the time of his sentence. Accordingly, appellant's third assignment of error is overruled.
 {¶ 30} Assignment of Error No. 4:
 {¶ 31} "THE TRIAL COURT ERRED WHEN IT ADMITTED, OVER OBJECTION, STATE'S EXHIBIT `3', THE ALLEGED TRANSCRIPT OF THE INTERNET CHAT."
 {¶ 32} In his fourth and final assignment of error, appellant argues that the trial court improperly admitted into evidence the transcript of the internet conversation between appellant and "OhioSoccerGirl14." Appellant argues that the state failed to lay a proper foundation or authenticate the transcript prior to its admission and that the transcript should not have been considered by the court as evidence of appellant's guilt.
 {¶ 33} The trial court has broad discretion in the admission and exclusion of evidence and, absent a clear abuse of discretion, a reviewing court will not disturb the trial court's decision with regard to admissibility. State v. Lamberson (Mar. 19, 2001), Madison App. No. CA2000-04-012, citing State v. Sargent (1998), 126 Ohio App.3d 557,564-565, and State v. Combs (1991), 62 Ohio St.3d 278, 284. The phrase "abuse of discretion" connotes more than an error of law or judgment; it implies that the trial court's action was unreasonable, arbitrary or unconscionable. State v. Hancock, 108 Ohio St. 3d 57, 2006-Ohio-160, ¶ 130.
 {¶ 34} Evid.R. 901(A) states that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Such evidence may be supplied by the testimony of a witness with knowledge that a matter is what it is claimed to be. Evid.R. 901(B)(1); State v. Papusha, Preble App. No. CA2006-11-025, 2007-Ohio-3966, ¶ 14.
 {¶ 35} In the case at bar, the state presented a typed transcript of the online conversation between "OhioSoccerGirl14" and "Raz Brntly" to Lt. Braley while he was on the *Page 10 
stand testifying. Lt. Braley identified the transcript, saying "[i]t appears to be the copy of the Internet chat that I had with Mr. Brantley that day." Appellant's counsel did not object to Lt. Braley's identification of the transcript at that time. Throughout Lt. Braley's testimony, both the prosecutor and appellant's counsel referred to the transcript numerous times when asking Lt. Braley questions about the conversation between appellant and "OhioSoccerGirl14." At the close of the state's case-in-chief, the state moved to have the transcript admitted into evidence. At that time, appellant's counsel objected on the basis that the transcript had not been properly authenticated.
 {¶ 36} The court overruled appellant's objection and allowed the transcript to be admitted. We find no abuse of discretion in the court's finding that Lt. Braley's testimony was sufficient to demonstrate that the transcript was what it was purported to be. Lt. Braley was a witness with knowledge, as required by Evid.R. 901. Appellant's counsel did not object to the transcript when it was identified by Lt. Braley or request further voir dire for authentication purposes, and continued to rely upon it during his own cross-examination. Further, even if we were to find error in the court's decision to admit the transcript, there was no prejudice as the remaining evidence presented against appellant was overwhelming. Because we find the court did not abuse its discretion in allowing the transcript to be admitted into evidence, appellant's fourth assignment of error is overruled.
 {¶ 37} Judgment affirmed.
BRESSLER, P.J., and POWELL, J., concur.
[1] R.C. 2913.01 defines a "telecommunications device" to include "any instrument, equipment, machine, or other device that facilitates telecommunication, including, but not limited to, a computer, computer network, computer chip, computer circuit, scanner, telephone, cellular telephone, pager, personal communications device, transponder, receiver, radio, modem, or device that enables the use of a modem." *Page 1