OPINION
{¶ 1} Defendant-appellant, Temuchin Tillman, appeals his convictions in the Butler County Court of Common Pleas for rape and gross sexual imposition. We reverse the convictions, vacate the judgment, and remand this matter for a new trial.
 {¶ 2} In 2001, appellant and his family befriended the family of five-year-old M.C. Both families had children of similar ages. The children would often play together and the families shared babysitting responsibilities. On three or four occasions in 2002, while babysitting M.C., appellant admittedly rubbed M.C.'s vaginal area. Appellant told investigators that, on one occasion, he threw M.C. in the air and, as he caught her, he again placed his hand on her vaginal area. M.C. complained of pain after this incident, and later told a social worker that someone had "put a finger in her." A medical examination did not reveal findings consistent with vaginal penetration.
 {¶ 3} When confronted by police with the allegations, appellant at first denied any wrongdoing, but eventually admitted to inappropriately touching M.C. He confessed to sexually touching M.C. in July and December 2002. He denied that any penetration occurred, but did tell police that the only plausible explanation for her allegation is that when he threw her in the air and caught her he may have accidentally penetrated her vagina through her clothing.
 {¶ 4} Appellant was charged with two counts of raping a child under the age of ten in violation of R.C. 2907.02(A)(1)-(b). The matter proceeded to a jury trial. The jury found appellant guilty of one count of rape, and one count of gross sexual imposition, a lesser included offense. Appellant appeals, raising five assignments of error which we will address out of order.
 {¶ 5} Assignment of Error No. 2:
 {¶ 6} "The trial court erred in permitting [M.C.] to testify regarding the alleged events in question because she lacked the requisite competency to testify under evidence rule 601."
 {¶ 7} In this assignment of error, appellant argues that the five-year-old victim did not understand the concepts of truth and falsity, and was therefore incompetent to testify.
 {¶ 8} Evid.R. 601(A) states that every person is competent to be a witness except "children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly." It is the duty of the trial judge to conduct a voir dire examination of a child less than ten years of age to determine the child's competency to testify. State v. Frazier (1991), 61 Ohio St.3d 247, 250-251. The competency determination is within the sound discretion of the trial judge who has the opportunity "to observe the child's appearance, his or her manner of responding to the questions, general demeanor and any indicia of ability to relate the facts accurately and truthfully." Id.
 {¶ 9} In determining whether a child under ten is competent to testify, the trial court must take into consideration "(1) the child's ability to receive accurate impressions of fact or to observe acts about which he or she will testify, (2) the child's ability to recollect those impressions or observations, (3) the child's ability to communicate what was observed, (4) the child's understanding of truth and falsity and (5) the child's appreciation of his or her responsibility to be truthful." Id. at 251.
 {¶ 10} In the present matter, the victim was five years old at the time of trial. At the victim's competency hearing, the trial judge asked general questions related to her ability to accurately perceive and recall past events. Appellant insists that because the victim failed to answer some of the trial judge's questions correctly, or gave indefinite answers, that the victim should not have been found to be competent to testify.
 {¶ 11} The victim was able to recite her address and recalled that she used to live in an apartment. She described her pet guinea pig. She recalled her prior birthday celebration and the prior Christmas. Although she initially said that she did not understand what it meant "to be truthful," she did understand what it meant "to tell the truth." She knew that it was "bad" to tell a lie and that her parents would be upset if she lied. The victim did not understand the concept of an oath, but when the court restated its question in terms of "a promise to tell the truth" she indicated that she understood she had to answer questions truthfully. Although the victim had difficulty answering some questions, she answered most questions appropriately.
 {¶ 12} Upon review of the record, we find that the trial court did not abuse its discretion in determining that the victim was competent to testify. See State v. McNeill,83 Ohio St.3d 438, 443, 1998-Ohio-293 (upholding a trial court's determination that two children were competent to testify, noting that "[w]hile the children could not answer every question posed, the transcript indicates they were in fact able to receive, recollect, and communicate impressions of fact, and appreciate the responsibility to be truthful"). Appellant's second assignment of error is overruled.
 {¶ 13} Assignment of Error No. 3:
 {¶ 14} "The trial court erred in permitting the state's psychological assistant to testify regarding his evaluation and diagnosis and various statements by the alleged victim."
 {¶ 15} In this assignment of error, appellant first asserts that the trial court improperly qualified Eckart Wallisch, a psychological assistant, as an expert witness. Wallisch testified that he conducted a diagnostic evaluation of M.C., testified as to his observation of her behavior, and testified as to the statements M.C. made to him as part of the evaluation.
 {¶ 16} A trial court has broad discretion in determining whether to admit or exclude expert testimony, and thus, will not be reversed on appeal absent an abuse of discretion. State v.Jones, 90 Ohio St.3d 403, 414, 2000-Ohio-187. An abuse of discretion is more than an error of law or judgment; it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. State v. Pulaski, 154 Ohio App.3d 301,2003-Ohio-4847, ¶ 18. If the elements listed in Evid.R. 702 are satisfied, then the admission of expert testimony is favored. Id.
 {¶ 17} Evid.R. 702 allows the admission of expert testimony where the witness' testimony relates to matters beyond the knowledge or experience of lay persons; the witness is qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony; and the witness' testimony is based on reliable scientific, technical, or other specialized information. Evid.R. 702(A)-(C). The witness need not have special certification or licensing in order to qualify as an expert as long as his knowledge will aid the trier of fact in understanding the evidence or determining a fact in issue. State v. Baston,85 Ohio St.3d 418, 423, 1999-Ohio-280.
 {¶ 18} Before qualifying Wallisch as an expert, the trial court heard considerable evidence regarding his training and experience in recommending treatment for sexually abused children. Wallisch has a master's degree in early childhood development and completed the necessary coursework for a Ph.D. in educational psychology. He has worked at the Children's Diagnostic Center for 14 years where his main duty is to perform diagnostic evaluations to determine treatment for child victims of sexual abuse. He completes approximately 100 such evaluations each year. Reviewing this evidence, we find that the trial court did not abuse its discretion by finding that Wallisch's education, experience and training qualified him as an expert witness for the purpose of testifying about his evaluation of M.C.
 {¶ 19} Appellant next contends that the trial court erred in permitting Wallisch to testify concerning the content of several out-of-court statements made by the victim. These statements, which describe the sexual contact and identify appellant as the perpetrator, were made by the victim during the examination conducted by Wallisch. Appellant objected to this testimony at trial but the objection was overruled. The state argues that these statements were admissible as an exception to the hearsay rule as provided in Evid.R. 803(4). This rule states:
 {¶ 20} "The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
 {¶ 21} "(4) Statements for purposes of medical diagnosis or treatment. Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment."
 {¶ 22} This court has previously held that statements made by a child declarant to a psychologist during a psychological examination are admissible under Evid.R. 803(4) where the purpose of the examination was the diagnosis and treatment of the child's psychological condition, rather than gathering evidence against the accused. See State v. Goins, Butler App. CA2000-09-190, 2001-Ohio-8647; State v. Vaughn (1995), 106 Ohio App.3d 775,780-781.
 {¶ 23} Appellant contends that Wallisch's testimony should not have been permitted by the trial court because he was not permitted by the trial court to testify as to the ultimate diagnosis of M.C.'s emotional problems. Rather, the trial court limited his testimony to his area of expertise: "He cannot render a diagnosis. * * * He has developed an expertise in the field of working with young children especially. And I will use the expression `evaluate' young children for emotional problems in proposing tentative treatments. * * * I am accepting him as an expert and rendering him qualified to be an expert in the realm in which he functions."
 {¶ 24} As noted earlier, Wallisch testified that he works at the Children's Diagnostic Center, and that his job is to conduct evaluations of children and make recommendations as to treatment. In this instance, Wallisch conducted an evaluation of the victim which included a discussion of the inappropriate touching perpetrated by appellant. Upon review of the circumstances surrounding the interview, we find that Wallisch's interview with the victim was conducted so as to recommend treatment for the victim, even though he may not have made the ultimate diagnosis, and consequently, the victim's statements to Wallisch during the examination may be admitted into evidence under Evid.R. 803(4).
 {¶ 25} Finally, appellant argues that Wallisch's testimony should have been excluded because it was unduly prejudicial under the balancing test of Evid.R. 403(A). Appellant argues that "allowing the `expert' testimony of the State's unlicensed psychological assistant caused unfair prejudice, confused the issues, and clearly mislead the jury regarding the weight that should be assigned to his observations."
 {¶ 26} Having already found that Wallisch was properly qualified as an expert, and that his expert testimony was admissible, we find appellant's final contention to be without merit. Wallisch presented testimony of significant probative value which, upon review of the record, was not outweighed by any danger of unfair prejudice. The assignment of error is overruled.
 {¶ 27} Assignment of Error No. 1:
 {¶ 28} "The trial court committed reversible error by denying appellant of his right to be present during all presentations of evidence to the jury."
 {¶ 29} During the course of jury deliberations, the jury presented several questions to the trial court. The jury asked to hear M.C.'s testimony again, and asked two questions about the verdict forms. The trial court replayed M.C.'s testimony in its entirety for the jury and answered the jury's questions regarding the verdict forms. Neither appellant, his counsel, nor the prosecuting attorney was present while this transpired, and no recording was made of the exchange. The trial court later stated on the record the above sequence of events, and appellant's attorney objected to the trial court's procedure.
 {¶ 30} A criminal defendant has a right to be present at all stages of the proceedings against him, including communications between the trial judge and the jury. City of Columbus v.Bright (June 21, 1984), Franklin App. No. 83AP-857; Crim.R. 43. It is further well-established that "any communication between judge and jury that takes place outside the presence of the defendant * * * is error which may warrant the ordering of a new trial." Bostic v. Connor (1988), 37 Ohio St.3d 144, 149.
 {¶ 31} The state counters that even if the trial court's actions constituted error, appellant suffered no prejudice and the error was harmless. The state contends that the court's responses were in part to procedural questions, and that replaying M.C.'s testimony was not prejudicial as it was played in its entirety.
 {¶ 32} Because no recording was made of the exchange between the trial judge and the jury, we are unable to review the state's assertion that appellant suffered no prejudice, or that the questions were indeed procedural in nature. Further, the law is clear that "where a trial court provides the jury with further instructions or other substantive information out of the presence of the defendant, prejudice is presumed and a new trial must be ordered." State v. Shenoda, Franklin App. No. 01AP-1409, 2002-Ohio-4296, ¶ 18, citing Jones v. State (1875),26 Ohio St. 208, 208-210; Kirk v. State (1846), 14 Ohio 511, 513; State v.Niblick (Apr. 16, 1984), Clermont App. No. CA1206; UnitedStates v. United States Gypsum Co. (1978), 438 U.S. 422,98 S.Ct. 2864. In the present matter, the trial judge's communications with the jury were substantive in nature, including the replay of the victim's testimony.
 {¶ 33} The few cases in which a trial court's communication with the jury out of the defendant's presence has been found not to require the granting of a new trial, are factually distinguishable from the instant case. See Bostic, at 149-150, and State v. Abrams (1974), 39 Ohio St.2d 53, 55-56 (concluding that the trial court's communication with the jury constituted harmless error). In both Bostic and Abrams, the trial judges' communications with the jury were very brief and nonsubstantive. In Bostic, the trial court's communication with the jury was limited to a simple denial of the jury's request for written instructions. Bostic at 149-150. Similarly, in Abrams the trial court responded to the jury's request for further instructions by telling them that the only further instruction he would give would be to reread his original charge, which the jury refused. Id. at 55-56. But cf. State v. Beasley (Jan. 10, 1989), Franklin App. No. 87AP-899 (granting a new trial where the trial judge's communication with the jury was limited to telling the jury that the requested instruction had already been given). Although Bostic and Abrams involved factual scenarios that did not require the granting of new trials, both cases support the proposition that substantive communication between a trial judge and the jury out of the defendant's presence are presumed to be prejudicial and require that the defendant be afforded a new trial. Bostic at 149; Abrams at 55. Appellant's first assignment of error is sustained.
 {¶ 34} Assignment of Error No. 4:
 {¶ 35} "The trial court erred in denying [appellant's] motion to dismiss the rape charges pending against him because the state failed to produce evidence sufficient to establish all elements of the offense[.]"
 {¶ 36} Appellant's fourth assignment of error challenges the sufficiency of the evidence supporting his conviction, an issue that, due to double jeopardy considerations, is not rendered moot by the granting of a new trial. See State v. Lovejoy,79 Ohio St.3d 440, 450, 1997-Ohio-371.
 {¶ 37} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v.Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. After viewing the evidence in a light most favorable to the prosecution, the relevant inquiry is whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id. Likewise, the denial of a Crim.R. 29(A) motion for acquittal based upon the sufficiency of the evidence will be upheld if any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. See State v. Dennis, 79 Ohio St.3d 421,430-31, 1997-Ohio-372, following Jackson v. Virginia (1979),443 U.S. 307, 319, 99 S.Ct. 2781, and Jenks at paragraph two of the syllabus.
 {¶ 38} The crime of rape is defined in R.C. 2907.02(A)(1)(b) as follows:
 {¶ 39} "No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies: * * * The other person is less than thirteen years of age, whether or not the offender knows the age of the other person."
 {¶ 40} Sexual conduct is defined in R.C. 2907.01(A) as follows:
 {¶ 41} "vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse."
 {¶ 42} Appellant's contention in this assignment of error is that M.C.'s testimony was insufficient to prove the element of penetration. We have already concluded in the resolution of appellant's second assignment of error that M.C. was competent to testify. She testified at trial that appellant's finger was inside her "private place in the front." We conclude that this evidence, if believed, is sufficient to convince the average mind that appellant digitally penetrated M.C.'s vagina. Appellant's fourth assignment of error is overruled.
 {¶ 43} Assignment of Error No. 5:
 {¶ 44} "In the alternative, [appellant's] rape conviction should be reversed because the state failed to meet its burden of proving all elements of the alleged crime beyond a reasonable doubt and, therefore, the conviction is against the manifest weight of the evidence."
 {¶ 45} Because our resolution of appellant's first assignment of error necessitates that appellant be afforded a new trial, his argument that his conviction is against the manifest weight of the evidence is rendered moot. See Shenoda, 2002-Ohio-4296, at fn. 1; State v. Pizzilo, Carroll App. No. 746, 2002-Ohio-446; App.R. 12(A)(1)(c).
 {¶ 46} Having sustained appellant's first assignment of error, and having overruled or found moot the remaining four assignments of error, we reverse the judgment of the trial court and remand this matter for further proceedings according to law and consistent with this opinion.
 {¶ 47} Judgment reversed and remanded.
Powell, P.J., and Valen, J., concur.