OPINION
{¶ 1} Defendant-appellant, Robert Lawrence, appeals from a judgment of conviction in the Butler County Court of Common Pleas for one count of gross sexual imposition. For the reasons outlined below, we affirm the decision of the trial court.
 {¶ 2} Appellant was indicted on October 4, 2006 on one count of attempted rape, a second-degree felony in violation of R.C.2907.02(A)(1)(b) and R.C. 2923.02. The charges stemmed from a report that appellant held a ten-year-old victim, S.K., against a concrete wall *Page 2 
and simulated anal sex while grinding his pelvis against the victim's backside. Appellant entered a plea of not guilty and the case proceeded to a jury trial, held November 27-28, 2006.
 {¶ 3} At trial, the state presented the testimony of the victim. S.K. testified that on the afternoon of June 26, 2006, he and his friend, T.L., went to meet appellant. Appellant is T.L.'s grandfather and the boys found him sitting on a concrete retaining wall on See Avenue in Hamilton, Ohio drinking a 40-ounce beer. S.K. testified that he and T.L. sat with appellant for approximately 15-20 minutes before another boy, A.W. arrived. A.W. began to tease the victim for being overweight, and eventually pushed him to the ground. S.K. testified that appellant then called A.W. over to him and S.K. heard them talking about pulling S.K.'s pants down. S.K. testified that A.W. then grabbed him and threw him over the concrete wall so that he was facing the wall and bent over it. A.W. then pulled S.K.'s pants down so that his bottom was exposed. S.K. testified that appellant then grabbed at him "up here," began unbuckling his belt and tried to put his penis inside S.K.'s bottom. S.K. testified that appellant did not actually touch his bottom. S.K. stated that he kicked himself free and ran to a nearby friend's house. He later told his mother, who reported the incident to police.
 {¶ 4} The state also presented A.W.'s testimony. A.W. corroborated much of S.K.'s testimony, and admitted that he had pushed S.K. and thrown him against the concrete wall. A.W. testified that appellant told him to "pull [S.K.'s] pants down or I'm going to kill you." A.W. then testified that appellant took down his own pants, put his hand on S.K.'s back to hold him against the wall, and began "dry humping" him. A.W. explained that appellant was grinding his pelvis back and forth into S.K.'s backside, and that he was actually making contact with S.K.'s body. A.W. also testified that appellant commented, "Get me some Vaseline and it will slide right in."
 {¶ 5} Appellant also testified at trial and denied ever simulating anal sex on the victim. *Page 3 
Appellant testified that he was sitting on the concrete retaining wall drinking a beer when his grandson and the victim arrived. Appellant stated that the boys were "horsing around" but that he never saw the victim's pants get pulled down and he never grinded his pelvis against the victim or attempted to sexually assault him. Appellant's grandson, T.L., also testified and denied ever seeing appellant hold S.K. to the concrete wall or grind his body against him. However, T.L. also testified that he heard appellant tease S.K. about being fat, saying that he wanted to "suck his tee tees," and that appellant grabbed at S.K.'s chest.
 {¶ 6} After it had presented its case, the state requested an additional jury instruction on a lesser included offense of gross sexual imposition, a third-degree felony in violation of R.C. 2907.05(A)(4). Appellant objected and argued that gross sexual imposition was not a lesser included offense of attempted rape and that no such instruction was warranted by the evidence.
 {¶ 7} The trial court requested case law verification from the state and took the arguments under advisement for the evening. The next day, at the close of the evidence, the court overruled appellant's objection and included the instruction on gross sexual imposition as a lesser included offense of the charged offense, attempted rape.
 {¶ 8} During deliberations, the jury submitted three related questions to the court pertaining to the crime of gross sexual imposition and the definition of sexual contact. The court brought the jury and both parties into the courtroom and read the questions.
 {¶ 9} The jury's first question read, "What is meant by the phrase including without limitations" as applied to the definition of an erogenous zone for purposes of sexual contact. The court responded "It means that it could be more than what is listed in there, but that is listed as something that would traditionally be considered to be an erogenous zone, but it could be more than that, to answer your specific question."
 {¶ 10} The court continued, "You [sic] specific is, Does it include more body parts than *Page 4 
listed?" The court responded, "The answer clearly is yes."
 {¶ 11} The jury's final question read, "Can a male breast be considered an erogenous zone?" The court responded, "Well, really that's something that you have to answer within the context of this case." The court then went on to read the paragraph of the jury instructions which defined sexual contact to include any physical touching of an erogenous zone that a reasonable person would perceive as sexually stimulating or gratifying.
 {¶ 12} After the court responded to the jury's questions, the jury was excused and allowed to return to deliberations. Appellant objected to the court's response and argued that it improperly implied that the jury may convict appellant for gross sexual imposition if they find that appellant grabbed the victim's breast for purposes of sexual gratification. This, appellant argued, would amount to a conviction on conduct not anticipated or included within the original indictment and charge for attempted rape by anal penetration. The court rejected appellant's argument. Appellant did not request any limiting or clarifying instruction for the jury.
 {¶ 13} On that same day, the jury returned a verdict of not guilty on the indicted charge of attempted rape, but guilty on the lesser included offense of gross sexual imposition. The court later found appellant to be a sexual predator and sentenced him to imprisonment for a period of two years.
 {¶ 14} Appellant filed a motion for postconviction relief or a new trial, arguing that the trial court had improperly allowed the jury to consider the crime of gross sexual imposition as a lesser included offense of attempted rape. The motion was denied by the court. Appellant then filed this appeal, raising three assignments of error for our review.
 {¶ 15} Assignment of Error No. 1:
 {¶ 16} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY GIVING AN
INSTRUCTION TO THE JURY ON A `LESSER OFFENSE' OF GROSS SEXUAL *Page 5 
IMPOSITION."
 {¶ 17} In his first assignment of error, appellant raises two issues with regard to the trial court's decision to instruct the jury that it could consider gross sexual imposition as a lesser included offense of attempted rape. Appellant first contends that gross sexual imposition is not a lesser included offense of attempted rape and it was improper for the court to allow the jury to consider the charge. Alternatively, appellant argues that even if gross sexual imposition is found to be a lesser included offense of attempted rape, an instruction on that charge was not supported by the evidence in this case.
 {¶ 18} Appellant was originally charged with attempted rape. Pursuant to R.C. 2907.02, "[N]o person shall engage in sexual conduct with another * * * when any of the following applies: * * * (b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person." "Sexual conduct," as used in R.C.2907.02 and defined by R.C. 2907.01, includes anal intercourse.
 {¶ 19} R.C. 2923.02 provides that "(A) No person, purposely or knowingly * * * shall engage in conduct that, if successful, would constitute or result in the offense." A criminal attempt requires a showing that a defendant completed a substantial step in a course of conduct planned to culminate in the commission of the crime. Specific to the facts of this case, appellant was charged with engaging in conduct that, if successful, would result in anal intercourse.
 {¶ 20} Appellant was convicted, however, of gross sexual imposition. R.C. 2907.05 defines the crime of gross sexual imposition and provides that "(A) No person shall have sexual contact with another, * * * when any of the following applies: * * * (4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person." "Sexual contact" as used in R.C.2907.05 and defined by R.C. 2907.01 means "any touching of an erogenous zone of another, including *Page 6 
without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."
 {¶ 21} "Pursuant to R.C. 2945.74 and Crim.R. 31(C), a jury may consider three groups of lesser offenses on which, when supported by the evidence at trial, it must be charged and on which it may reach a verdict: (1) attempts to commit the crime charged, if such an attempt is an offense at law; (2) inferior degrees of the indicted offense; or (3) lesser included offenses." State v. Deem (1988), 40 Ohio St.3d 205, paragraph one of the syllabus.
 {¶ 22} An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense." State v. Kidder (1987),32 Ohio St.3d 279; State v. Deem. An instruction on a lesser included offense is warranted whenever the trial court: (1) determines that the offense on which the instruction is requested is necessarily lesser than and included within the charged offense, under the statutory elements test announced in Kidder; and (2) after examining the facts of the case, ascertains that the jury could reasonably conclude that the evidence supports a conviction for the lesser offense and not the greater.State v. Johnson (1988), 36 Ohio St.3d 224, 226.
 {¶ 23} It is undisputed that gross sexual imposition is a lesser included offense of rape. Id. However, appellant argues that under the abstract approach created under Kidder and Deem, gross sexual imposition is not a lesser included offense of attempted rape because scenarios exist in which one may commit attempted rape (attempted sexual conduct) without also committing gross sexual imposition (sexual contact). Indeed, the Ohio Supreme Court's recent decision in State v.Barnes, 94 Ohio St.3d 21, 2002-Ohio-68, finds that the evidence in a particular case is irrelevant to the determination of whether an offense, as "statutorily *Page 7 
defined" is "necessarily" included in a greater offense. That court went on to find that felonious assault is not a lesser included offense of attempted murder where it is possible to commit one offense without the other offense also being committed.
 {¶ 24} The state, however, argues that gross sexual imposition has been repeatedly recognized as a lesser included offense of attempted rape. See, In re Shubutidze (Mar. 8, 2001), Cuyahoga App. No. 77879,2001 WL 233400 (reversing juvenile adjudication on attempted rape and imposing finding of delinquency on "lesser included offense" of gross sexual imposition); State v. Robinson (Mar. 15, 1995), Lorain App. No. 94CA005788, 1995 WL 110134 (finding trial court properly instructed jury to consider gross sexual imposition as lesser included offense of attempted rape); State v. Jones, 93 Ohio St.3d 391, 394, 2001-Ohio-1341
(affirming conviction on gross sexual imposition as lesser included offense of attempted rape on sufficiency of the evidence); State v.Ochoa, Putnam App. No. 12-2006-6, 2000-Ohio-1867 (noting that, while it was undisputed that gross sexual imposition is a lesser included offense of attempted rape, facts of case did not support giving of instruction). In Shubutidze, the court found that the finding of delinquency on attempted rape was not supported by sufficient evidence and that the facts instead supported a finding of delinquency on the lesser included offense of gross sexual imposition. Id. at *9. Similarly, inRobinson, the court found that where the evidence presented to the jury reasonably supported a conclusion that the defendant had not attempted to rape the victim, but had, instead, engaged only in gross sexual imposition, the lesser included instruction was proper.Robinson, 1995 WL 110134 at *2-3.
 {¶ 25} Despite the abstract analysis advocated by the majority opinion in Barnes, this fact-based approach continues to receive support in determining whether one offense is a lesser included offense of another. In State v. Kvasne, 169 Ohio App.3d 167, 2006-Ohio-5235, the Eighth District Appellate Court rejected the abstract analysis followed by the Ohio *Page 8 
Supreme Court in Barnes. Instead, the court advocated and applied the approach raised in Justice Lundberg-Stratton's concurring opinion in that case in which the facts and circumstances of each case are relevant to the determination of whether one offense is a lesser included offense of another. Id. at ¶ 51-53. The court looked to case law which predated not only Barnes but Deem and Kidder as well, in which the Ohio Supreme Court advocated a test which looked to both the statutory elements of offenses as well as the evidence supporting the lesser charge. Id. at ¶ 49, citing State v. Wilkins (1980), 64 Ohio St.2d 382 (finding that sexual battery may be a lesser included offense of rape where force is present). Applying such an analysis, the court went on to find that abduction was a lesser included offense of kidnapping and defendant's conviction for abduction was therefore valid.
 {¶ 26} We find it clear that the Ohio Supreme Court requires the application of an abstract analysis of the statutory elements of the charged offenses. However, we cannot reject the necessity, reflected in case law, for the relevance of the facts of a particular case in determining whether one offense may be a lesser included offense of another. Certainly, an approach which purports to give relevance to the facts of each case renders any abstract analysis meaningless. Therefore, we seek in this case to employ an approach which utilizes both an objective and subjective analysis.
 {¶ 27} Appellant urges this court to compare, in the abstract, the statutory elements of the offense of gross sexual imposition with the statutory elements of attempted rape. Asserting that the elements do not sufficiently align such that one may never be committed without also committing the other, appellant argues that gross sexual imposition is not a lesser included offense of attempted rape. However, a criminal attempt is not, by itself, an offense. One cannot logically align the elements of a completed offense, such as gross sexual imposition, with the elements of an inchoate offense such as attempted rape. Therefore, this court finds that in determining whether a completed offense is a lesser *Page 9 
included of an attempted offense, we must look to the underlying offense laying the attempt aspect aside for the analysis. In this case, that offense is rape. As stated above, it is undisputed that gross sexual imposition is a lesser included offense of rape. One cannot engage in sexual conduct, defined as penetration, without also committing sexual contact, defined as the touching of an erogenous zone for purposes of sexual gratification. R.C. 2907.02; R.C. 2907.05.
 {¶ 28} While we acknowledge that this approach is novel, we find support in the purpose behind the test designed to determine lesser included offenses. The adoption of a test "which looks to both the statutory elements of the offenses involved and the evidence supporting such lesser offenses as presented at trial is grounded primarily in the need for clarity in meeting the constitutional requirement that an accused have notice of the offenses charged against him." State v.Deem, 40 Ohio St.3d at 210. In adopting an approach which incorporates the abstract analysis advocated in Barnes as to the underlying offense, as well as giving relevance to the facts of the actual case at hand, this purpose is furthered.
 {¶ 29} Additionally, the legislative notes to the attempt statute, R.C. 2923.02, explain that an attempt to commit an offense is an offense in itself. The statute goes on to define exceptions to that rule and notes that one cannot attempt to commit any offense which in itself is defined as an attempt. This language makes it clear that the word "attempt" acts to modify an underlying offense, as one cannot attempt to attempt to commit a crime. We find this language to be further support for our position that any abstract determination of what may constitute a lesser included offenses to an attempt offense requires that we look only to the elements of the underlying offense.
 {¶ 30} We recognize that cases exist in which Ohio courts have reached different conclusions. See State v. Johnson (1988), Franklin App. No. 85AP-868, 1988 WL 24407
(felonious assault was not a lesser included offense of attempted murder, despite noting that *Page 10 
it was a lesser included offense of murder). Admittedly, had theBarnes court engaged in the analysis we advocate here, felonious assault would be found to be a lesser included offense of attempted murder because felonious assault is, in fact, a lesser included offense of the underlying offense of murder. It is statutorily impossible to cause the death of another (murder) without causing serious physical harm to another (felonious assault). R.C. 2903.02; R.C. 2903.11(A). However, finding no cases which sufficiently analyze the basis for their conclusion or justify a disregard for the analysis we advocate here, we find those cases distinguishable.[1]
 {¶ 31} Applying our analysis, and finding that gross sexual imposition is a lesser included offense of the underlying crime of rape, we turn to appellant's second argument under this assignment of error and look to the facts of the case at bar to determine whether an instruction on gross sexual imposition as a lesser included offense of attempted rape was warranted in this case. An instruction on a lesser included offense is warranted if, after examining the facts of the case, the jury could reasonably conclude that the evidence supports a conviction for the lesser offense and not the greater. See State v. Johnson (1988),36 Ohio St.3d 224, 226.
 {¶ 32} Appellant was charged with attempting to anally penetrate his minor victim, S.K . . S.K. testified that appellant "tried to stick his [penis] in my bottom." However, S.K. also testified that appellant did not actually make contact with his body. S.K. testified that he believed appellant was attempting to penetrate him because he saw appellant unbuckling his belt while he was held against the wall. Another witness and participant in the assault, A.W., *Page 11 
testified that at the time S.K. was pushed against the wall, appellant's pants were down and he was grinding his pelvis against S.K.'s bare backside. A.W. testified that appellant was, in fact, making contact with S.K.'s body and that appellant made the comment that, "if [he] had some Vaseline, it would slide right in." Appellant argues that a jury could not logically disbelieve the testimony that appellant was attempting to penetrate the victim, and yet believe testimony that he made sexual contact with the victim's body. Citing Johnson, appellant contends that because he asserted a complete defense, that is, a total denial of the allegations of any contact, the jury could not logically dissect the evidence supporting attempted rape from that of gross sexual imposition. We disagree.
 {¶ 33} Initially, we note that it is well-settled that a jury may choose to believe all or part of the testimony of a witness. State v.Nichols (1993), 85 Ohio App.3d 65, 76. Further, the case cited by appellant is distinguishable on its facts. The defendant inJohnson was charged with rape, not attempted rape. In that case, the Ohio Supreme Court explained that, under no reasonable view of the evidence could the jury have disbelieved the testimony alleging appellant had penetrated the victim and then use the same testimony to support a conviction for sexual contact. Johnson, 36 Ohio St.3d at 226. Because the victims in that case testified that appellant had raped them, a jury's disregard of the only evidence of sexual conduct left nothing to support a conviction for sexual contact. See, id.
 {¶ 34} However, in the case at bar, the jury was free to disbelieve the state's contention that appellant was attempting to actually penetrate the victim and still believe that appellant had made sexual contact with an erogenous zone for purposes of sexual gratification. As state above, the jury was free to believe or disbelieve all or part of the testimony presented and could reasonably choose to believe that the sexual contact occurred while simultaneously disbelieving that appellant's intent was to penetrate. We therefore find that the trial court properly instructed the jury that it could consider gross sexual imposition as *Page 12 
a lesser included offense of attempted rape in this case. Accordingly, appellant's first assignment of error is overruled.
 {¶ 35} Assignment of Error No. 2:
 {¶ 36} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY REFUSING TO GIVE A LIMITING INSTRUCTION PRECLUDING THE JURY FROM CONSIDERING THE MALE BREAST TO BE AN EROGENOUS ZONE WHEN CONSIDERING A `LESSER CHARGE' OF GROSS SEXUAL IMPOSITION."
 {¶ 37} In his second assignment of error, appellant argues that the trial court improperly refused to issue a limiting instruction clarifying its response to the jury's questions regarding the definition of "sexual contact." Appellant goes on to argue that the court also specifically instructed the jury that they could consider "sexual contact" unrelated to the charge of attempted rape. However, a review of the record demonstrates that appellant did not request a limiting instruction. Further, the court did not give any instruction regarding unrelated evidence of sexual contact.
 {¶ 38} "Where, during the course of its deliberations, a jury requests further instruction, or clarification of instructions previously given, a trial court has discretion to determine its response to that request."Sabina v. Kress, Clinton App. No. CA2006-01-001, 2007-Ohio-1224, ¶ 14, citing State v. Carter, 72 Ohio St.3d 545, 553, 1995-Ohio-104. Accordingly, "reversal of a conviction based upon a trial court's response to such a request requires a showing that the trial court abused its discretion." See Carter. "An abuse of discretion connotes more than an error in law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Id.
 {¶ 39} In making this determination, "the jury instruction as a whole must be considered to determine if there was prejudicial error." Id. at ¶ 15, citing State v. Noggle, 140 Ohio App.3d 733, 750, 2000-Ohio-1927. "The trial court's response, when viewed in its *Page 13 
entirety, must constitute a correct statement of the law, consistent with or properly supplementing the jury instructions that have previously been given." Id. However, "an appellate court will only find reversible error where a jury instruction has, in effect, misled the jury." Id., citing Sharp v. Norfolk W. Ry. Co., 72 Ohio St.3d 307,312, 1995-Ohio-224.
 {¶ 40} While it is clear appellant disagreed with the court's response, arguing that it had the potential to confuse the jury, appellant never requested or proposed any limiting instruction. Further, appellant did not object to the victim's testimony regarding appellant grabbing his chest when it was given nor to the testimony that appellant wanted to "suck his tee tees." Therefore, we review the court's failure to issue a limiting instruction for plain error only. Recognition of plain error "is to be taken with utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice."State v. Payne 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 16.
 {¶ 41} We do not find plain error in this case. We find no error in the court's response to the jury's question regarding what constituted "sexual contact." In responding to the question, the court merely restated the definition of sexual contact for the jury and clarified that the definition did, in fact, include more body parts than those listed within the definition. The court then called upon the jury to use the judgment of a reasonable person in determining whether an area of the body may be perceived as sexually stimulating or gratifying. When responding to the jury's specific question of whether a male breast may be considered an erogenous zone, the court responded that the jury would have to determine that within the context of the case. Appellant did not object to the court's instructions or definitions when they were originally given and we do not find the court's recitation of those definitions for the jury to be misleading or prejudicial.
 {¶ 42} While appellant argues that any evidence regarding appellant's grabbing of the victim's chest is irrelevant to the charge of attempted rape or the lesser included offense of *Page 14 
gross sexual imposition, he did not object to this testimony from the victim when it was given. The victim testified that the grabbing of his chest occurred during the course of the sexual assault while he was being held against the concrete wall. Such evidence was properly presented to and considered by the jury.
 {¶ 43} Finally, we note that appellant summarily argues that he was not afforded an opportunity to be heard prior to the court's response to the jury's question. However, while appellant relies on cases which prohibit a court's ex parte communications with the jury during deliberations, such is not the case here. It is clear that appellant was both present and given an opportunity to be heard following the court's response. Additionally, any error in the court's course of conduct would be harmless, as we find no error in the court's instructions.
 {¶ 44} Appellant's second assignment of error is overruled.
 {¶ 45} Assignment of Error No. 3:
 {¶ 46} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY INSTRUCTING THE JURY THAT IT COULD CONVICT [APPELLANT] ON THE BASIS OF CONDUCT NOT CHARGED IN THE INDICTMENT."
 {¶ 47} In his final assignment of error, appellant argues that the trial court's failure to issue the limiting instruction allowed the jury to convict appellant of a crime not charged in the indictment and that his conviction therefore violates his constitutional right to due process. Appellant contends that the court's response to the question by the jury constituted a de facto amendment of the indictment to a charge of gross sexual imposition for conduct unrelated to the attempted rape. We disagree.
 {¶ 48} The indictment in this case charged appellant with attempted rape pursuant to "R.C. 2907.02(A)(1)(b), to wit: engage in sexual conduct with another * * * when the person is less than thirteen years of age, whether or not the offender knows the age of the other person * * *." A bill of particulars was neither requested nor provided. *Page 15 
 {¶ 49} When responding to the jury's question as to whether a male breast may be considered an erogenous zone, the court instructed the jury that they must answer that within the context of the case. The court then re-read the definition of sexual contact and called upon the jury to employ the judgment of a reasonable person in determining whether someone may consider a certain body part to be sexually gratifying or stimulating.
 {¶ 50} As stated above, we do not find the court's response to the jury's question to be misleading or to imply that the jury could convict appellant based on any specific evidence alone. Additionally, we decline to presume to know on what evidence the jury based their verdict. See Sabina v. Kress, 2007-Ohio-1224 at ¶ 19-20
(declining to apply appellant's speculative interpretation that court's response to jury question resulted in conviction on evidence outside the indictment). It is clear that the testimony presented at trial included testimony that appellant, with his own pants down, grinded his pelvis against the victim's backside, commenting that, if he had a lubricant, he could penetrate the victim. This evidence is sufficient to establish that appellant engaged in sexual contact with an erogenous zone for purposes of sexual gratification. We decline appellant's invitation to disregard the jury's consideration of that evidence.
 {¶ 51} Further, appellant cites State v. Johnson, 36 Ohio St.3d 224, for the proposition that any grabbing of the victim's chest would be unrelated to the charged offense of attempted rape. However, it is clear that in that case, the court specifically found that the incidents of "sexual contact" occurred at "various times" and were never sufficiently connected with any of the specific acts of penetration testified to by the victims. As stated above, the testimony of the victim in this case makes it clear that the grabbing or groping of the victim's chest occurred during the course of conduct charged as attempted rape. The charged offense would therefore necessarily include any conduct related to the lesser included offense of gross sexual imposition. See State v.Melchoir (Jan. 23, 1997), Cuyahoga App. No. 70338. *Page 16 
 {¶ 52} Appellant's conviction for gross sexual imposition does not amount to a conviction for conduct outside the scope of the indictment and his third assignment of error is overruled. {¶ 53} Judgment affirmed. BRESSLER, P.J., and POWELL, J., concur.
[1] Although this court previously applied the Barnes abstract analysis to find that aggravated assault is not a lesser included offense of attempted murder in State v. Eldridge, Brown App. No. CA2002-10-021, 2003-Ohio-7002, we note that that our decision in that case is not affected by our analysis today as aggravated assault would not be a lesser included offense of the underlying offense of attempted murder. It is statutorily possible to cause the death of another without being under the passion or rage of provocation. R.C. 2903.12(A); R.C.2903.02. *Page 1