OPINION
{¶ 1} Defendant-appellant, Shane Baker, appeals his convictions in the Preble County Court of Common Pleas for aggravated burglary, felonious assault, domestic violence, and aggravated menacing. We reverse the convictions, vacate the judgment, and remand for a new trial.
 {¶ 2} Appellant was indicted in April 2007 on one count each of aggravated burglary in violation of R.C. 2911.11(A)(1), a felony of the first degree; felonious assault in violation of *Page 2 
R.C. 2903.11(A)(1), a felony of the second degree; domestic violence in violation of R.C. 2919.25(A), a felony of the fourth degree; and aggravated menacing in violation of R.C. 2903.21, a misdemeanor of the first degree. The charges stemmed from allegations that in the early morning hours of March 9, 2007, appellant forcefully entered the home of his girlfriend, Stacey Lain, where he had lived on and off for several years, punched her several times in the face with a closed fist, resulting in a broken nose and a fractured skull, and while holding a dumbbell over Lain's head in front of her ten-year-old daughter, told the child she would never see her mother again. On June 27, 2007, a jury found appellant guilty of aggravated burglary, felonious assault, and aggravated menacing as charged. Appellant was found guilty of domestic violence as a misdemeanor of the first degree after the jury found that he had not been previously convicted of domestic violence.
 {¶ 3} Appellant subsequently moved for acquittal on the grounds that during jury deliberations, the trial court improperly communicated with the jury outside the presence of appellant and improperly gave a supplemental instruction defining "purpose" with regard to the aggravated burglary offense. The trial court denied the motion. Appellant was subsequently sentenced to a total of nine years in prison.
 {¶ 4} Appellant appeals, raising three assignments of error.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "THE DEFENDANT WAS DENIED DUE PROCESS OF LAW AS REQUIRED BY THE14th AMENDMENT TO THE UNITED STATES CONSTITUTION BECAUSE THE TRIAL COURT COMMUNICATED IN WRITING WITH THE JURY OUTSIDE THE PRESENCE OF THE DEFENDANT AND WITHOUT CONSULTATION WITH DEFENSE COUNSEL."
 {¶ 7} During jury deliberations, the jury presented the following written questions to *Page 3 
the trial court[1]:
 {¶ 8} 1. "May we play the tapes from State Evidence #4?"
 {¶ 9} 2. "Are we allowed to discuss account #2 without reaching a decision on account #1?" [sic]
 {¶ 10} 3. "Please clarify `previously convicted of domestic violence' at the end of count #3."
 {¶ 11} 4. "May we review all the transcripts?"
 {¶ 12} 5. "Does `previously convicted of domestic violence' on page 5 of count 3 refer to a previous trial?"
 {¶ 13} 6. "Why are we asked on page 5 of count 3 to determine a previous conviction when we didn't hear that case?"
 {¶ 14} 7. "If all 12 are not in agreement on 1 of the counts, after a lot of discussion, what do we do?"
 {¶ 15} 8. "Purpose.
 {¶ 16} a "Is it immediate upon act or can it be prolonged?
 {¶ 17} b. "From point A to point B or all encompassing for entire ordeal?
 {¶ 18} c. "Webster dictionary?"
 {¶ 19} The record shows that the trial court answered the foregoing eight questions outside the presence of appellant. Appellant was not present during jury deliberations because he was transported back to the Preble County Jail when the jury was sequestered to deliberate. The trial court answered questions 1 and 2 outside the presence of counsel and without their input. In its entry denying appellant's postconviction motion for acquittal, the trial court stated that questions 3 through 8 "were discussed with counsel and [that] counsel were *Page 4 
allowed to offer their thoughts concerning how each question should be answered. The Court drafted each answer after this discussion." However, the transcript is devoid of any reference, let alone discussion between the trial court and counsel, regarding questions 6 and 7. The record does contain the trial court's written answers to questions 6 and 7. Further, in contrast to what it stated in its entry, the trial court acknowledged on the bench that it had answered question 4 without input from counsel.[2]
 {¶ 20} A criminal defendant has a right to be present at all stages of the proceedings against him, Crim. R. 43(A), including "when, pursuant to a request from the jury during its deliberations, the judge communicates with the jury regarding his instructions." State v. Abrams (1974),39 Ohio St.2d 53, paragraph one of the syllabus; State v. Tillman, Butler App. No. CA2003-09-243, 2004-Ohio-6240, ¶ 30. It is further well-established that "any communication between judge and jury that takes place outside the presence of the defendant or parties to a case is error which may warrant * * * a new trial." Bostic v. Connor (1988),37 Ohio St.3d 144, 149; Tillman at ¶ 30; see, also, Jones v. State (1875),26 Ohio St. 208.
 {¶ 21} The trial court, therefore, erred when, pursuant to the jury's eight questions during jury deliberations, it communicated with the jury outside the presence of appellant. Abrams, 39 Ohio St.2d at 56. However, a forbidden communication does not always constitute reversible error.
 {¶ 22} When a judge merely restates previously given instructions and neither gives the jury additional instructions or explains those already given, the communication between the judge and jury outside of the defendant's presence is harmless error. Abrams at 56; *Page 5 37 Ohio St.3d at 149-150. In Abrams, the jury asked the trial court to further elaborate on a charge of aiding and abetting. The trial court responded to the jury's request by telling them that the only further instruction it would give would be to reread the original instructions, which the jury refused. In Bostic, the trial court's communication with the jury was limited to the court's simple denial of the jury's request for a written copy of the jury instructions. The supreme court found that since the trial court merely refused the jury's request for written instructions, there was no possibility that the jury's conclusion was influenced by the trial court's communication. Id. at 149-150. Thus, the trial courts' communications with the jury in both Abrams andBostic were brief and nonsubstantive.
 {¶ 23} However, when the communications are substantive, such as when the trial court provides the jury with further instructions or other substantive information, or clarifies a previously given instruction, and outside the presence of the defendant, prejudice is presumed and a new trial must be ordered. State v. Shenoda, Franklin App. No. 01AP-1409, 2002-Ohio-4296, ¶ 18-19; Tillman, 2004-Ohio-6240, ¶ 32;Jones, 26 Ohio St. at 209-210.
 {¶ 24} Applying the foregoing principles to the case at bar, we find that the trial court's communications with the jury in response to the jury's questions 1, 2, 3, 4, 6, and 7 were nonsubstantive and were therefore harmless errors. The record shows that the trial court allowed the jury to hear the tape from state's exhibit four (question 1); told the jury they were allowed to discuss count two without first reaching a decision on count one (question 2); declined to clarify the "previously convicted of domestic violence" instruction and directed the jury "to consider the evidence presented and the instructions as given" (question 3); told the jury "there were no transcripts admitted into evidence. You must rely on your individual and collective recollection of the evidence. Of course you may review any exhibits that were admitted and listen to tapes or cd's that were admitted" (question 4); told the jury "you need *Page 6 
not concern yourself with why you are being asked to determine whether or not the defendant has a previous conviction" (question 6), and directed the jury "with respect to the count that you have not yet decided, [to] please continue to discuss the case" (question 7).
 {¶ 25} We find, however, that the trial court's communications with the jury in response to the jury's questions 5 and 8 were substantive in nature as they either elaborated on an instruction or provided an additional instruction to the jury. The record shows that in response to question 5, the trial court defined "conviction" as "a defendant has either been found guilty or has entered a plea of guilty to that offense and has been sentenced on that offense." Finally, with regard to question 8 which sought to clarify when "purpose" could be formed, the trial court refused to provide the jury with a dictionary. The court, however, provided the following additional instruction: "With respect to the aggravated burglary offense, the purpose to commit an offense can be formed at any point during the trespass."[3] Those communications involved more than a restatement of previously given instructions.
 {¶ 26} Because those communications between the trial court and jury outside the presence of appellant were substantive in nature, they are presumed to be prejudicial and require that appellant be afforded a new trial. See Tillman, 2004-Ohio-6240, ¶ 33. We acknowledge that appellant's attorney was present with regard to jury questions 5 and 8 and that the trial court and counsel discussed the questions and the trial court's proposed answers. However, "the irregularity [was not] cured by the presence of his counsel at the time the additional instruction was given[.]" Jones, 26 Ohio St. at 210; Shenoda, 2002-Ohio-4296, ¶ 20. Appellant's first assignment of error is accordingly sustained.
 {¶ 27} Assignment of Error No. 2:
 {¶ 28} "THE DEFENDANT WAS DENIED DUE PROCESS OF LAW AS REQUIRED *Page 7 
BY THE 14th AMENDMENT TO THE UNITED STATES CONSTITUTION BECAUSE THE TRIAL COURT GAVE AN ANSWER TO A JURY QUESTION THAT IMPROPERLY POINTED THE JURY TOWARDS CONVICTION."
 {¶ 29} This assignment of error challenges the trial court's decision to instruct the jury, in response to question 8, that "with respect to the aggravated burglary offense, the purpose to commit an offense can be formed at any point during the trespass."[4] As previously noted, this statement of the law was not part of the trial court's original instructions defining "purpose" with regard to aggravated burglary. Appellant argues that this additional instruction constituted prejudicial error because it repeated legal propositions given in the original jury instructions; it gave the state an unfair boost when the state never objected to the original instructions or requested supplemental instructions before the jury retired to deliberate; and it improperly pointed the jury towards convicting appellant of aggravated burglary especially since by contrast, the trial court declined to clarify "previously convicted of domestic violence" in response to the question 3.
 {¶ 30} We disagree with appellant's assertion that this additional instruction repeated legal propositions in the original instructions defining "purpose." We have reviewed the original instructions and find that they did not address the timing of when "purpose" had to or could be formed with regard to the aggravated burglary offense.
 {¶ 31} As a general rule, arguments regarding jury instructions are waived, except for plain error, if there were no objections to the jury instructions or a request for supplemental instructions before the jury retired to consider its verdict. See State v. Hartman,93 Ohio St.3d 274, 2001-Ohio-1580. This rule does not apply, however, when the jury asks for further *Page 8 
instruction or for clarification of a previously given instruction.State v. Hull, Mahoning App. No. 04 MA 2, 2005-Ohio-1659, ¶ 44; see, also, Sabina v. Kress, Clinton App. No. CA2006-01-001, 2007-Ohio-1224, ¶ 13, citing Hartman and Hull.
 {¶ 32} "[W]here, during the course of its deliberations, a jury requests further instruction, or clarification of instructions previously given, a trial court has discretion to determine its response to that request." State v. Carter, 72 Ohio St.3d 545, 553,1995-Ohio-104. Thus, in response to a question from the jury, it is within the sound discretion of the trial court to provide supplemental instructions or to refer the jury to instructions already provided. "A reversal of a conviction based upon a trial court's response to such a request requires a showing that the trial court abused its discretion." Id. "An abuse of discretion connotes more than an error in law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. See State v. King, Butler App. No. CA2004-03-058, 2005-Ohio-3623.
 {¶ 33} In making this determination, "the jury instruction as a whole must be considered to determine if there was prejudicial error. The trial court's response, when viewed in its entirety, must constitute a correct statement of the law, consistent with or properly supplementing the jury instructions that have been previously given. An appellate court will only find reversible error when a jury instruction has, in effect, misled the jury." Hull, 2005-Ohio-1659, ¶ 45 (citations omitted); Sabina, 2007-Ohio-1124, ¶ 15; State v. Lawrence, Butler App. No. CA2007-01-017, 2008-Ohio-1354, ¶ 39.
 {¶ 34} The additional instruction provided by the trial court was a correct statement of law. As appellant correctly noted, the additional instruction comes directly from the Ohio Supreme Court's decision inState v. Fontes, 87 Ohio St.3d 527, 2000-Ohio-472 (for purposes of defining the offense of aggravated burglary pursuant to R.C. 2911.11, a defendant may form the purpose to commit a criminal offense at any point during the course of a trespass), and is referenced in the Ohio Jury Instructions for aggravated burglary under *Page 9 
the heading "purpose." See 4 Ohio Jury Instructions (2003) 386, Section 511.11.
 {¶ 35} This correct statement of the law properly supplemented the original instructions to address the jury's question and did not mislead the jury. While the trial court chose to give the additional instruction, when it had declined to clarify a previously given instruction in response to another jury question, a trial court has broad discretion to determine its response to a jury question. The trial court's decision to provide the additional instruction was not unreasonable, arbitrary, or unconscionable and therefore not an abuse of discretion. Appellant's second assignment of error is overruled.
 {¶ 36} Assignment of Error No. 3:
 {¶ 37} "DEFENDANT'S CONVICTIONS WERE CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 38} Because our resolution of appellant's first assignment of error necessitates that defendant be afforded a new trial, appellant's third assignment of error is rendered moot. See Tillman, 2004-Ohio-6240, ¶ 45; App. R. 12(A)(1)(c).
 {¶ 39} Having sustained appellant's first assignment of error, and having overruled or found moot the remaining two assignments of error, we reverse the judgment of the trial court and remand this matter for further proceedings according to law and consistent with this opinion.
 {¶ 40} Judgment reversed and remanded.
WALSH, P.J. and POWELL, J., concur.
[1] For clarity purposes, we have chosen to use mathematical numbers rather than their spelling counterpart to refer to question numbers.
[2] We note that in his brief, appellant does not list or discuss questions 6 and 7. Under his first assignment of error, appellant does challenge the trial court's communication with the jury regarding questions 1 through 5 and question 8. The state, in turn, only addresses questions 1 through 4 under the first assignment of error. The state fails to address appellant's argument regarding question 8 under the first assignment of error and solely addresses question 8 under the second assignment of error. Finally, the state never discusses questions 6 and 7 in its brief.
[3] This statement of the law was not part of the trial court's original instructions defining "purpose" with regard to aggravated burglary.
[4] Appellant's first and second assignments of error both challenge the trial court's additional instruction regarding "purpose" but on two different grounds. The first assignment of error challenges the instruction on the ground appellant was absent. The second assignment of error challenges the instruction on the ground of timing, that is, that it was given not in the original instructions but several hours after the jury started to deliberate. *Page 1