[Cite as *State v. Frymire*, 2015-Ohio-155.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO.   CA2014-02-034 |
| | : | O P I N I O N |
| - vs - | | 1/20/2015 |
| | : | |
| CHRISTIA L. FRYMIRE, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2012-12-1912


Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Repper, Pagan, Cook, Ltd., Melynda W. Cook, 1501 First Avenue, Middletown, Ohio 45044, for defendant-appellee


**RINGLAND, P.J.**

{¶ 1}  Defendant-appellant, Christia L. Frymire, appeals her conviction in the Butler County Court of Common Pleas for aggravated burglary and aggravated robbery with gun specifications.

{¶ 2}  On the evening of November 24, 2012, Julian Slaven was shot by burglars at his home in Fairfield, Ohio, and died shortly thereafter.  Less than two weeks later, Frymire and four others—Jerry Jermaine Eacholes, Anthony Givens, Joseph Goodin, and Misty

Williams—were indicted for murder, aggravated burglary, and aggravated robbery for the events at the Slaven home. Givens, Goodin, and Williams eventually entered guilty pleas. Frymire and Eacholes continued to maintain they were not guilty, and their causes proceeded to separate jury trials.

{¶ 3} Frymire's role in the crimes was alleged to be that of a complicitor. The original written jury instructions stated that Frymire was to be found guilty of aggravated burglary and aggravated robbery if the jury found "beyond a reasonable doubt that she knowingly aided or abetted, or conspired with another in the commission of" those crimes. The instructions provided a definition of "knowingly" and further instructed the jury that they were to determine Frymire's complicity based upon "whether there existed at the time in the mind of the defendant an awareness of the probability that her conduct would result in the commission of an aggravated burglary and/or aggravated robbery."

{¶ 4} During deliberations, the jury submitted the following question:

For complicity to aggravated burglary for the knowingly element. Does the person have to have knowledge of the aggravated burglary plan including the weapon or just knowledge that a burglary plan was present?

{¶ 5} Over Frymire's objections, the trial court instructed the jury that "[t]he person has to have knowledge of the burglary plan."

{¶ 6} The jury subsequently submitted a second question wherein they restated a portion of the jury instructions relating to how complicity is determined and then asked:

Does the above mean that in order to determine if the defendant is a complicitor, she/he must be aware prior to the offense occurring that a deadly weapon may be used?

Reason for question
The jury members heard several times from the Prosecutor that a defendant need not know a deadly weapon may be present or used, and this element instruction seemed to contradict this.

{¶ 7} Again over Frymire's objections, the trial court instructed the jury that, "[t]here is

- 2 -

no knowledge requirement attached to the offender's having a deadly weapon or dangerous ordnance on or about the offender's person or under the offender's control."

{¶ 8} The jury subsequently found Frymire guilty as to the aggravated burglary and aggravated assault charges with gun specifications.

{¶ 9} Frymire now appeals, raising five assignments of error for review.

{¶ 10} Assignment of Error No. 1:

{¶ 11} THE TRIAL COURT ERRED IN INSTRUCTING THE JURY THAT APPELLANT FRYMIRE NEED NOT HAVE KNOWLEDGE OF THE USE OF A FIREARM IN THE COMMISSION OF THE OFFENSES IN ORDER TO BE CONVICTED AS A COMPLICITOR.

{¶ 12} Frymire argues that while the original written jury instructions were correct, the trial court's subsequent replies to the jury's questions during deliberations misstated the law. Specifically, Frymire argues that knowledge of the firearm was required in order for the jury to find her guilty of aggravated burglary and aggravated robbery, yet the trial court instructed the jury that there was no knowledge requirement.

{¶ 13} "[W]here, during the course of its deliberations, a jury requests further instruction, or clarification of instructions previously given, a trial court has discretion to determine its response to that request." *State v. Carter*, 72 Ohio St.3d 545, 553, 1995-Ohio-104. Thus, in response to a question from the jury, it is within the sound discretion of the trial court to provide supplemental instructions or to refer the jury to instructions already provided. "A reversal of a conviction based upon a trial court's response to such a request requires a showing that the trial court abused its discretion." *Id.* "An abuse of discretion connotes more than an error in law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *See State v. King*, 12th Dist. Butler App. No. CA2004-03-058, 2005-Ohio-3623, ¶19.

{¶ 14} In making this determination, "the jury instruction as a whole must be

considered to determine if there was prejudicial error. The trial court's response, when viewed in its entirety, must constitute a correct statement of the law, consistent with or properly supplementing the jury instructions that have been previously given. An appellate court will only find reversible error when a jury instruction has, in effect, misled the jury." (Citations omitted.) *State v. Hull*, 7th Dist. Mahoning No. 04 MA 2, 2005-Ohio-1659, ¶ 45; *Sabina v. Kress*, 12th Dist. Clinton No. CA2006-01-001, 2007-Ohio-1224, ¶15; *State v. Lawrence*, 12th Dist. Butler No. CA2007-01-017, 2008-Ohio-1354, ¶ 39.

{¶ 15} "Complicity" is defined in R.C. 2923.03(A)(2) as follows: "No person, acting with the kind of culpability required for the commission of an offense, shall * * * [a]id or abet another in committing the offense." Both aggravated burglary and aggravated robbery provide that a person is guilty of the offense if the offender possesses a deadly weapon or dangerous ordnance on or about the offender's person or under the offender's control. R.C. 2911.11(A)(2); R.C. 2911.01(A)(1)-(2).

{¶ 16} As correctly defined in the written jury instructions, a person acts knowingly, "regardless of purpose, when she is aware that her conduct will probably cause a certain result or she is aware that her conduct will probably be of a certain nature. A person has knowledge of circumstances when she is aware that such circumstances probably exist."

{¶ 17} Here, without knowing of the existence of the deadly weapon, Frymire could not possibly share the culpability required for the commission of aggravated burglary or aggravated robbery where possession of a deadly weapon was an essential element of those offenses. Accordingly, foreknowledge by Frymire that a deadly weapon may be used in the commission of the offenses was required in order to support her convictions. Thus, the trial court erred in its responses to the jury's questions by misstating the law and misleading the jury.

{¶ 18} Support for our resolution of this issue is found in recent decisions by the

- 4 -

Supreme Court in *Rosemond v. United States*, 572 U.S. ___, 134 S.Ct. 1240 (2014); and the Eighth District in *State v. Shabazz*, 8th Dist. Cuyahoga No. 100021, 2014-Ohio-1828. While those cases were decided subsequent to the present case, they did not create new case law but rather simply provided an analysis of the law as it existed when the case at bar occurred.

{¶ 19} The state argues that case law at the time did not include a requirement that a complicitor have foreknowledge of the existence of a deadly weapon. In support of that stance, the state relies on multiple cases from the Eighth District. However, it is a well-established principle that while the various trial courts within the counties comprising this district are bound to follow case law from this court and the Ohio Supreme Court, they may, but are not necessarily required to, follow the decisions of our brethren in the Eighth District. *State v. Zielinski*, 12th Dist. No. CA2014-05-069, 2014-Ohio-5318, ¶ 23.

{¶ 20} Finally, the state argues that regardless of the instructions given to the jury regarding knowledge of the firearm, the evidence established that Frymire was aware of the existence of the weapon. The state asserts that Frymire is presuming the jury based its decision on the trial court's instruction that knowledge of the firearm was not required. While that is true, it is equally true that a presumption is required in order to find that the jury's decision was *not* influenced by those instructions.

{¶ 21} This court has repeatedly held that we must presume that the jury followed the trial court's instructions. *State v. Pence*, 12th Dist. Warren No. CA2012-05-045, 2013-Ohio-1388, ¶ 47. Here, the trial court's response to the jury's questions presented an incorrect statement of the law that was not consistent with or properly supplemental to the written instructions previously provided to the jury. That misstatement of law negated an essential element of the offenses. Accordingly, we find that the trial court abused its discretion in instructing the jury that foreknowledge that a deadly weapon may be used in the commission of the offenses was not required.

{¶ 22} In light of the foregoing, having found that (1) foreknowledge of the deadly weapon was required in order for the jury to find Frymire guilty of aggravated burglary or aggravated robbery, and (2) the jury was misled by the trial court's misstatement of law instructing them that such foreknowledge was not required, Frymire's first assignment of error is sustained.

{¶ 23} Assignment of Error No. 2:

{¶ 24} THERE WAS INSUFFICIENT EVIDENCE TO CONVICT APPELLANT AS A COMPLICITOR TO AGGRAVATED BURGLARY R.C. 2911.11(A)(2) AND AGGRAVATED ROBBERY R.C. 2911.01(A)(1).

{¶ 25} Assignment of Error No. 3:

{¶ 26} THE TRIAL COURT ERRED IN REFUSING TO DISMISS THE FIREARM SPECIFICATIONS ATTACHED TO THE CHARGED OFFENSES.

{¶ 27} Assignment of Error No. 4:

{¶ 28} THE TRIAL COURT ERRED IN ADMISSION OF HEARSAY STATEMENTS THROUGH THE STATE'S FIRST WITNESS WITHOUT THE REQUISITE PRIMA FACIE SHOWING OF INDEPENDENT PROOF OF A CONSPIRACY AS IS REQUIRED BY EVIDENCE RULE 801(D)(2)(e).

{¶ 29} Assignment of Error No. 5:

{¶ 30} THE CONVICTIONS FOR AGGRAVATED BURGLARY AND AGGRAVATED ROBBERY WITH FIREARM SPECIFICATIONS ARE AGAINST THE MANIFEST WEIGHT.

{¶ 31} Based upon our resolution of Frymire's first assignment of error, the remaining assignments of error are rendered moot.

{¶ 32} Judgment reversed and cause remanded for a new trial.

HENDRICKSON and PIPER, JJ., concur.